IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:26-cr-139-ECM-KFP |
| SOUTHERN POVERTY LAW | ) |
| CENTER, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant's Unopposed Motion for Protective Order (Doc. 31) pursuant to Federal Rule of Criminal Procedure 16(d)(1). The Government requests that the Court authorize the disclosure of discovery documents to the Defendant's counsel without the necessity of redacting banking information and personally identifying information for multiple persons, including individuals who are not indicted.

Upon consideration, and for good cause, the motion is GRANTED as follows:

1.    The Government may disclose to the Defendant's counsel unredacted discovery containing certain banking information and other personal identifying information ("the Subject Discovery"). The parties agree that any information subject to redaction under Fed. R. Crim. Pro. 49.1 shall be deemed the Subject Discovery. In addition, the Government may designate certain categories of documents (whether by identifying a range of bates numbers, the source of produced documents, or some other mutually

agreeable method) it deems to qualify as the Subject Discovery. The restrictions imposed by this Order are limited to the Subject Discovery.

2.     Defense counsel shall (i) use the Subject Discovery only as necessary to represent the Defendant in this case; (ii) acknowledge that their clients understand the sensitive nature of the Subject Discovery and that it should not and would not be shared in unredacted form with anyone outside their counsel and professional members of the defense team and that all such material in their possession should be returned or destroyed following completion of the case or treated in accordance with paragraph 3 below; (iii) not leave printed copies of the Subject Discovery in the control or custody of the Defendant or any person not a professional member of the defense team (e.g., attorneys, paralegals, legal assistants, expert witnesses); (iv) notify, prior to sharing the Subject Discovery with any member of the defense team, the person receiving the Subject Discovery materials of the existence and contents of this Order; and (v) be limited from providing copies of the Subject Discovery to any potential witness or that witness's counsel in unredacted form, except for that witnesses' own statements or records (redacted copies of the Subject Discovery may be shared by defense counsel as necessary to represent their client in this matter). Nothing in this Order is intended to limit the Defendant's ability to review the Subject Discovery beyond the limitations set forth herein.

3.     Upon the finality[1] of this case, defense counsel shall destroy all paper copies of the Subject Discovery and, to the extent reasonably possible, shall delete all electronic

---

[1] A case is "final" when all direct appeals are exhausted or the time for seeking appeal expires.

copies of such Subject Discovery or, at a minimum, shall safeguard and restrict access to such electronic copies in accordance with defense counsels' standard law firm protocols.

4.      Defense counsel shall not input, transmit, upload, process, generate output from, or otherwise expose any of the Subject Discovery to any publicly accessible AI system that retains and uses submitted data to train models ("Open AI tool") without prior written consent from the Government. "Open AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. To obtain authorization for the otherwise prohibited use of an Open AI tool, defense counsel must submit a written request to the Government. In any request for written authorization, defense counsel must specifically identify and describe any Open AI tool to be used and certify that it does not (i) retain or use any discovery materials for model training, nor (ii) expose any discovery materials to third parties not authorized under this Protective Order to receive such materials. Defense counsel are not prohibited from using a "closed" AI tool, provided that (i) defense counsel has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any Subject Discovery, and (ii) defense counsel employs reasonable measures to ensure the deletion of the Subject Discovery from the tool at the conclusion of this case. Nothing in this Order is intended to otherwise limit defense counsels' ability to use either open or closed AI tools.

5.      Personal identifying information may be subject to redaction before documents containing such information can be used in open court or a public filing. This

Order does not affect the requirement for redaction of materials filed with the Court in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure. Such redaction is still required.

6.      The procedures for use of the Subject Discovery during any hearing or trial shall be determined by the Court in advance of the hearing or trial. No party shall file, unless submitted under seal, or disclose in open Court documents containing personal identifying information without prior consultation with the Court.

7.      Persons accepting disclosure of the Subject Discovery pursuant to the terms of this Order shall be deemed to submit themselves to the jurisdiction of the Court for purposes of enforcement of this Order.

8.      This Order is not intended to supersede or modify the Order entered in the matter of *In re Grand Jury Investigation, No. 2025R00327,* which shall remain in full force and effect.

It is further ORDERED that the Government's Motion for Protective Order (Doc. 26) is DENIED as MOOT.

DONE this 6th day of May, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

4