IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CR-139-ECM-KFP |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, | ) | |
| INC. | ) | |

## <u>ORDER</u>

Before the Court is Defendant Southern Poverty Law Center, Inc.'s (SPLC) Motion to Address the Government's Materially False Statements and to Enforce Rules Prohibiting Further Prejudicial Extrajudicial Statements (Doc. 23), the Government's response to the motion (Doc. 27), and SPLC's reply brief (Doc. 36). Upon consideration of the motion, it is ORDERED that the motion is DENIED.

## I.    BACKGROUND

The issue before the Court arises from post-indictment public statements, namely by the United States Acting Attorney General. On a Fox News program broadcast on the evening of April 21, 2026, the same day the indictment was issued, the Acting Attorney General stated[1] as follows:

> [A]nd more importantly, there's no allegation or information in the indictment that suggests [SPLC] shared that [informant] information with law enforcement.
> …

---

[1] Nora Moriarty, *Acting AG Todd Blanche Says SPLC Fraud Indictment Is Not Politically Motivated, Calls Conduct 'Egregious', Acting US attorney general: these allegations are 'troubling'* (03:33–04:02), FOX NEWS (Apr. 21, 2026), https://www.foxnews.com/media/acting-ag-todd-blanche-says-splc-fraud-indictment-not-politically-motivated-calls-conduct-egregious.

> There's no information that we have that suggests that the money they were paying to these informants and these members of these organizations, they then turned around and shared what they learned with law enforcement. To the contrary, or else we would have known, from their own words, that they had given this money to these guys. And we didn't know.

According to SPLC, the statement that it never shared informants' information with law enforcement is false. Doc. 23 at 7. SPLC argues a clip of this interview continues to circulate on various social media platforms. *Id.* at 13; Doc. 36 at 3.

On April 26, 2026, the Acting Attorney General discussed SPLC again when he appeared on a Fox News program. This time, he stated the following regarding information sharing:

> It is true that over the years they have selectively shared information with law enforcement. That's well-documented and there's no dispute there. They aren't charged with any of that conduct.

Doc. 28. SPLC argues it is entitled to relief based on the Acting Attorney General's extrajudicial April 21 statement.[2] Below the Court addresses each form of relief SPLC requests.

## II.    DISCUSSION

First, SPLC seeks a retraction of the Acting Attorney General's April 21 statement. While the Acting Attorney General's April 26 statement was not explicitly characterized as a retraction, it aligns with what SPLC argues is the truth that needed public correction—acknowledging that SPLC had, in fact, shared information garnered from the informant

---

[2] SPLC also cites statements made by other officials, including the President of the United States and the FBI Director (Doc. 23 at 12, 21–23), but its request for relief is centered upon those made by the Acting Attorney General.

program with law enforcement. His April 26 statement was made during a different television program, but it was made on the same television network. SPLC argues the April 26 statement was insufficient. Doc. 36.

The Court disagrees. The public record made by the Acting Attorney General now reflects the substance of the relief SPLC requested: a correction as to its sharing of informant information with law enforcement. The Court need not wade into a comparison of each program's ratings and reach[3] or every social media circulation of either clip to find that the substance of the request for relief is now moot. *See Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) ("An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (internal quotation marks and citation omitted).

Second, SPLC requests that the Court order the Government to refrain from making any further false or misleading statements and follow the rules related to extrajudicial statements. Doc. 23 at 25. In response, the Government proclaimed, "[T]he United States of America has no intention of making any false or misleading statements in this case." Doc. 27 at 2. The Government acknowledged that "[i]t is well aware of its obligations under the law and applicable rules" and committed that it "will act accordingly." *Id.*

---

[3] *See* Nielson ratings for The Ingraham Angle, https://ustvdb.com/networks/fox-news/shows/ingraham-angle/;    Nielson    ratings    for    Fox    News    Sunday    with    Shannon    Bream, https://ustvdb.com/networks/fox/shows/news-sunday-shannon-bream/.

The integrity of the judicial process is rooted in the obligations of and trust in the attorneys participating in it. As Judge Fay of the Eleventh Circuit Court of Appeals aptly noted,

> All attorneys, as "officers of the court," owe duties of complete candor and primary loyalty to the court before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly. This concept is as old as common law jurisprudence itself. In England, the first licensed practitioners were called "Servants at law of our lord, the King" and were absolutely forbidden to "decei[ve] or beguile the Court."

*Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1546–47 (11th Cir. 1993). While *Malautea* addressed civil discovery sanctions, the reminder that attorneys are officers of the court with commensurate obligations also holds true in criminal cases like this one. *See, e.g.*, *In re Snyder*, 472 U.S. 634, 644, 105 S. Ct. 2874, 2880–81 (1985) ("Justice Cardozo once observed: 'Membership in the bar is a privilege burdened with conditions.' [An attorney is] . . . an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice.") (quoting *People ex rel. Karlin v. Culkin*, 248 N.Y. 465, 470–471, 162 N.E. 487, 489 (1928)).

Beyond attorneys' foundational obligations as officers of the court, there are other expectations placed upon prosecutors.

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones.

4

*Berger v. United States*, 295 U.S. 78, 88, 55 S. Ct. 629, 633 (1935). More fundamentally, "[w]e must return to the original principle that, as officers of the court, attorneys are servants of the law rather than servants of the highest bidder. We must rediscover the old values of our profession. The integrity of our justice system depends on it." *Malautea*, 987 F.2d at 1547. Like any officer of the court, the prosecutors are bound by their statements to this Court. On this record, the Court finds no further relief is warranted at this time.

DONE this 1st day of June, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE