## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RECEIVED

2026 JUN -4  A 11: 38

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES OF AMERICA,    )
)
)
V.    )
)    CASE NO: 2:26-cr-0139-ECM-KFP-1
)
SOUTHERN POVERTY LAW    )
CENTER,    )
)
*Defendant.*    )

## MOTION FOR LEAVE TO FILE AS *AMICUS CURIAE*

The Society for the Rule of Law respectfully moves to appear in the above-captioned case as amicus curiae and to submit an amicus curiae brief in support of Defendant's Motion to Dismiss Based on Vindictive Prosecution. Defendants consent to amicus curiae filing their proposed brief; the Department of Justice does not consent.

### I.    Amicus Curiae Have an Interest in Preserving the Rule of Law, Which Is Threatened by Vindictive Prosecutions.

The interests of amicus curiae Society for the Rule of Law are fully set out in the Statement of Interest at the beginning of the proposed amicus brief (attached as Exhibit 1). In short, Society for the Rule of Law is a national membership organization of conservative, libertarian, and center-right lawyers, and others, who prioritize the defense of the rule of law, the Constitution, and American democracy

1

above their partisan and policy preferences. Amicus curiae's interest in this case lies in preserving the constitutional and institutional safeguards that protect the federal prosecution function from political influence, and in ensuring that courts fulfill their independent role as a check on prosecutorial abuse when the executive branch's own internal protections have failed. Amicus curiae has appeared in a number of other matters where the rule of law and executive overreach were implicated.

## II.    This Court Should Exercise Its Discretion to Grant the Motion for Leave.

This Court and its sister "district courts possess the inherent authority to grant or refuse leave to amicus parties."[1] *Georgia Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015). "Courts typically grant amicus status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Id.* (citation omitted); *see also SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, No. CV 1:19-00333-KD-C, 2019 WL 13217861, at *1 n.1 (S.D. Ala. Sept. 26, 2019) (the role of an amicus is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper

---

[1] As opposed to the clear, rules-based guidance concerning amicus briefs in courts of appeals, *see* Fed. R. App. P. 29, there is "no formal rule governing the filing of amicus curiae briefs" in Federal district courts. *Georgia Aquarium*, 135 F. Supp. 3d at 1288.

2

decision." (citation omitted)); *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010) (citing *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987)).

In recent years, other district courts within the Eleventh Circuit have granted leave for amici to appear in criminal cases. *See, e.g.*, *Georgia v. Clark*, No. 1:23-CV-03721-SCJ, 2023 WL 11795657, at *1 (N.D. Ga. Sept. 15, 2023). And only a few months ago, this Court granted a motion for leave to file an amicus brief in a declaratory judgment action, which this Court found helpful at the dispositive motion stage. *YRIG Risk Retention Grp., Inc. v. Texas Dep't of Ins.*, No. 2:24-CV-729-ECM, 2026 WL 782292, at *1 (M.D. Ala. Mar. 19, 2026). This is consistent with the instruction of then-Circuit Judge Alito that courts are "advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet" the standard of relevant rules, "as broadly interpreted." *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.).

As reflected in the proposed amicus brief, amicus curiae seek to highlight the amount of power prosecutors wield and the associated risk of vindictive prosecutions, which can cause damage to both those indicted and the rule of law in general. Drawing on their prior professional experience in government service, amicus curiae then detail the ways in which the Department of Justice's internal norms and procedures have served as a check on the abuse of this power, and then

3

the reasons for suspecting these protections have eroded in the second Trump administration. Finally, amicus curiae will explain how courts can and should step in to preserve the rule of law when the executive branch's internal protections fail. Such "timely and useful" information can "contribute to the court's understanding" of this question that is critical to our democracy. *Georgia Aquarium*, 135 F. Supp. 3d at 1288.

## III.  Conclusion

For the reasons explained above, the motion for leave should be granted.

**Dated: June 4, 2026**                     Respectfully submitted,

Robert E. Battle (ASB-7807-T67R)
Adam P. Plant (ASB 6324-A64P)
Mallory Morgan Combest (ASB-7455-A57C)

*Attorneys for Amicus Curiae*
*Society for the Rule of Law*

**OF COUNSEL:**

Samantha Trepel*
Kelsey Stimple*
Christine P. Sun*
**STATES UNITED DEMOCRACY CENTER**
1101 17th St. NW, Suite 250
Washington, DC 20036
Telephone: (202) 999-9305
Email: *sam@statesunited.org*
       *kelsey@statesunited.org*
       *christine@statesunited.org*

*\*Pro Hac Vice Application
Forthcoming*

Robert E. Battle (ASB-7807-T67R)
Adam P. Plant (ASB 6324-A64P)
Mallory Morgan Combest (ASB-7455-A57C)
**BATTLE & WINN LLP**
2901 Second Avenue South, Suite 220
Birmingham, Alabama 35233
Telephone: (205) 397-8160
Facsimile: (205) 397-8179
Email: *rbattle@battlewinn.com*
       *aplant@battlewinn.com*
       *mmorgan@battlewinn.com*

5

## CERTIFICATE OF SERVICE

On June 4, 2026, I hereby certify that a copy of the foregoing has been served

on the following counsel of record by directing same to their office addresses

through first-class, United States mail, postage prepaid:

Kevin P Davidson
Joel Feil
Russell Turner Duraski
**United States Attorney's Office**
131 Clayton Street
Montgomery, AL 36104
*kevin.p.davidson@usdoj.gov*
*joel.feil4@usdoj.gov*
*russell.duraski@usdoj.gov*

***Attorneys for the United States of***
***America***

Addy R. Schmitt
Andrea L. Moseley
Sara E. Kropf
Janelle Geddes
**Kropf Moseley Schmitt PLLC**
1100 H Street NW, Suite 1220
Washington, DC 20005
*addy@kmlawfirm.com*
*andrea@kmlawfirm.com*
*sara@kmlawfirm.com*
*janelle@kmlawfirm.com*

Abbe David Lowell
David A. Kolansky
Isabella M. Oishi
**Lowell & Associates, PLLC**
1250 H Street NW, Suite 250
Washington, DC 20005
*alowellpublicoutreach@lowellandass*
*ociates.com*
*dkolansky@lowellandassociates.com*
*ioishi@lowellandassociates.com*

William C. Athanas
Brianna R. Stone
**Bradley Arant Boult Cummings LLP**
1819 Fifth Avenue North
Birmingham, Alabama 35203
*bathanas@bradley.com*
*bstone@bradley.com*

***Attorneys for Defendant Southern***
***Poverty Law Center, Inc.***

_____
OF COUNSEL

6