IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2026 JUN -5 P 2: 20

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | TREY G... |
| v. | ) | U.S. DISTRI... |
| | ) | MIDDLE DIS... |
| SOUTHERN POVERTY LAW | ) | Case No.: 2:26-CR-00139-ECM-KFP |
| CENTER, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**MOTION OF PROTECT DEMOCRACY PROJECT FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS INDICTMENT BASED ON VINDICTIVE PROSECUTION**

By and through counsel, Protect Democracy Project ("Protect Democracy") respectfully moves this Court for leave to file a brief as *amicus curiae* in support of Defendant the Southern Poverty Law Center's ("SPLC") motion to dismiss the indictment for vindictive prosecution. The proposed amicus brief is attached as Exhibit 1 and a proposed order is attached as Exhibit 2.[1] Proposed amicus sought the consent of all parties for the filing of this motion and attached brief. The SPLC consents, and the United States objects. In support of this motion, proposed amicus further states:

1.      Protect Democracy is a nationwide, nonpartisan, nonprofit organization dedicated to preventing American democracy from declining into a more authoritarian form of government; politicization of independent institutions like the Department of Justice ("DOJ") is a hallmark of authoritarianism.

---

[1] Undersigned counsel intends to serve as local counsel for Protect Democracy Project. If the court grants leave to file the proposed *amicus curiae* brief, local counsel intends to file motions for pro hac vice admission for the additional attorneys listed on the proposed *amicus curiae* brief to allow their appearance to sign the brief to be filed.

2.      Furthermore, since its founding in 2017, Protect Democracy has published research and analysis and engaged in legislative advocacy aimed at promoting and protecting the independence of the Department of Justice. Publications include *No "Absolute Right" to Control DOJ: Constitutional Limits on White House Interference with Law Enforcement Matters* in 2018;[2] *Investigating and Prosecuting Political Leaders in a Democracy: How to Assess the Difference Between Rule of Law and Abuses of Power* in 2023;[3] and *Protecting the Department of Justice from Political Interference after Trump v. United States* in 2024[4], among many others. Protect Democracy advocated for and endorsed[5] the bipartisan Security from Political Interference in Justice Act of 2019, and the Protecting Our Democracy Act, which included those provisions, from 2021–23.[6]

3.      Protect Democracy has a particular interest in ensuring that attempts to weaponize federal law enforcement and attempts to pursue vindictive prosecutions fail. It submits the proposed brief to assist the Court in fully appreciating the larger pattern of prosecutions in which the DOJ has recently used its law enforcement powers to retaliate against a multitude of the administration's perceived political opponents, and to situate the prosecution of the SPLC in that context. This pattern of irregular conduct supports the SPLC's assertion that "the charges against the SPLC were a foregone conclusion based on prosecutorial vindictiveness," ECF 49-1 at 4. Evidence supports both actual vindictiveness and the presumption of vindictiveness of the

[2] https://www.documentcloud.org/documents/4498818-2018-Protect-Democracy-No-Absolute-Right-to/ (March 2018).

[3] https://protectdemocracy.org/wp-content/uploads/2023/05/Investigating-and-Prosecuting-Political-Leaders-in-a-Democracy-May-2023-formatted-paper.pdf (May 2023).

[4] https://protectdemocracy.org/wp-content/uploads/2024/12/Protecting-DOJ-after-Trump-v.-US.pdf (Dec. 2024).

[5] https://protectdemocracy.org/work/protect-democracy-part-of-bipartisan-coalition-supporting-bill-to-secure-doj-from-political-interference/ (June 2019).

[6] https://protectdemocracy.org/work/protecting-our-democracy-act-2/ (Nov. 2022).

charges against SPLC and counsels against any judicial deference to the Trump administration's exercise of prosecutorial discretion.

4.      The Federal and Local Rules "do not specifically provide for the filing of amicus curiae briefs at the district court level[,]" instead it is generally accepted that the district court possesses "the inherent authority to appoint "friends of the court" to assist in their proceedings." *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *see also Mason v. City of Huntsville*, No. CV-10-S-2794-NE, 2012 WL 12903100, at *4 (N.D. Ala. May 7, 2012) ("[T]he district courts have inherent authority to appoint amicus curiae, or to grant leave to appear as an amicus curiae, at the discretion of the court."); *DeJulio v. Georgia*, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001) ("The decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court.") (citation modified), *rev'd on other grounds*, 290 F.3d 1291 (11th Cir. 2002).

5.      Moreover, courts have recognized that "it is preferable to err on the side of" permitting amicus briefs because "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.).

6.      Protect Democracy has been granted leave to file related briefs as *amicus curiae* in two other criminal cases that were pending in district court. *See* Order granting mot. for leave to file *amicus curiae* brief of Protect Democracy Project, *United States v. Comey*, No. 1:25-cr-00272 (E.D. Va. Oct. 31, 2025), ECF No. 121; Order granting mot. for leave to file *amicus*

3

*curiae* brief of Protect Democracy Project, *United States v. James*, No. 2:25-cr-00122 (E.D. Va. Nov. 14, 2025), ECF No. 71.

7.      The Court should exercise its discretion to grant this motion because, as described above, proposed amicus offers "unique information" that is "beyond the help that the lawyers for the parties are able to provide." *Mobile Cty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp. 2d 1342, 1344 n.1 (S.D. Ala. 2008), *aff'd*, 564 F.3d 1290 (11th Cir. 2009) (citation modified). Furthermore, the contents of the proposed brief are "timely and useful." *Georgia v. Clark*, No. 1:23-CV-03721-SCJ, 2023 WL 11795657, at *1 (N.D. Ga. Sept. 15, 2023).  Granting leave here is also appropriate given the significant public interest in this prosecution and the role of amicus in assisting the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, No. CV 1:19-00333-KD-C, 2019 WL 13217861, at *1, n.1 (S.D. Ala. Sept. 26, 2019).

8.      No party or its counsel had any role in authoring this brief. No person or entity– other than amicus—contributed money to fund the preparation of this brief.

<u>**CONCLUSION**</u>

For the foregoing reasons, proposed amicus respectfully requests that the Court accept the accompanying brief for filing.

Dated: June 5, 2026

/s/ Jeffery C. Duffey

Jeffery C. Duffey
The Law Office of Jeffery C. Duffey
505 South Perry St.
Montgomery, AL 36104
Tel: (334) 834-4100
AL. Bar No. 7699F67J

4

jefferyduffey@gmail.com

*Counsel for Proposed Amicus Curiae Protect Democracy Project*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 5, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Jeffery C. Duffey
Jeffery C. Duffey