IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:26-cr-139-ECM-KFP |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, INC. | ) | |

## SUR REPLY

The United States files this sur reply for the limited purpose of responding to one easily disprovable claim raised for the first time by The Southern Poverty Law Center, Inc. ("the defendant") in their reply. Doc. 74.

The defendant wants this case to be about Stephen Miller. Despite their reckless insinuations, that's not what this case is about and there is nothing in the record to suggest that it is. The defendant makes much of the fact that a letter sent by conservative groups to Stephen Miller was in the case file and that certain facts in the letter were repeated in an FBI incident summary. Doc. 74 at 2-4. Despite the defendant's misleading insinuations, the record is clear that Miller had no involvement in the opening, investigation, or prosecution of this case.

The defendant's reply makes much of the "Miller Letter" ("the Letter")—a letter addressed to Miller and forwarded by a potential victim to one of the FBI Special Agents. Doc. 74-2, (Def. Exh. 29). After noting that the Letter and an FBI Incident Summary contain similar language, the defendant continues:

> Equally troubling is whether the investigation into the SPLC lacked independent predication altogether and instead was based upon copying or common sourcing from a political advocacy letter seeking Executive Branch action. The documents provided by the government reviewed to date do not reveal whether Miller directed the Justice Department to convert or open this investigation, but the facts suggest that may be the case.

Doc. 74 at 4. The defendant has omitted the context that makes clear that the record shows nothing of the kind. The record establishes that an FBI Special Agent ("SA") spoke with an individual at Liberty Counsel, and thereafter, this individual then forwarded the SA a copy of the letter Liberty Counsel had previously and independently sent to Miller as context for their complaint. The FBI

SA then did what every agent is trained to do when receiving evidence or statements from a potential victim: the SA duly documented the evidence in the FBI case management system. *See* Gov't Exh. A.[1]

The defendant apparently chose to cherry-pick the Letter to insinuate that "the facts suggest" Miller was directing the investigation. In fact, the defendant knew that the Letter was nothing more than an attachment to a report duly recording email correspondence from a potential victim in an investigation. How do we know the defendant knew this? Because the government provided them this evidence in discovery. In fact, the Bates stamps show that the government provided them this evidence *in context*. The FBI "Import Form" memorializing the correspondence with Liberty Counsel is Bates number 2025R00327-0000579. Gov't Exh. A. The email from Liberty Counsel attached to this was provided as Bates stamps numbers 2025R00327-0000580 through 581. Gov't Exh. B. The Letter that the defense made so much of came *immediately after* as Bates numbers 2025R00327-0000582 through 584. Doc. 74-2. Then, following this, the email was again attached, Bates numbers 2025R00327-0000585 through 586. Gov't Exh. C. In other words, the context of how the Letter came into the FBI file in the first place was laid out in the discovery in the surrounding Bates numbers. The Letter was sandwiched in between it. All the defendant had to do to understand why the Letter was in the file was, quite literally, read the pages directly surrounding it on either side. As this context shows, it was nothing more than the ordinary

---

[1] The defendant spends considerable time on the case classification numbers used during the FBI's investigation. Doc. 74 at 2. The relevance of which code was used is marginal at best, but the following points ought to be made if only for the record: the case classification number for this report is 196D. Gov't Exh. A. This is the classification number for general fraud / "frauds and swindles." Shortly thereafter, as discussed below, the investigation was converted into a 44 case classification number for potential civil rights violations. There is nothing unusual about this. It is not uncommon during investigations for the FBI to convert to a new case classification number or even to spin off cases with new case classification numbers, all according to where the evidence leads. Given the nature of the complaints from the potential victims that were being investigated, it is entirely unsurprising that FBI began its investigation into the defendant's alleged misuse of the hatemap (leaving to one side the defendant's self-serving characterization of the contexts of the complaints in the Letter). Far from showing a nefarious effort to chill protected speech (see doc. 74 at 2, 9) or that the "case was not motivated by a genuine investigation of any statutory 'financial crimes'" (*id.* at 10), this shows that the investigation simply went where the facts led.

2

investigation of a claim from a potential victim, and appropriately and dispassionately documenting that claim in the case file.[2]

The defendant states "facts suggest" that Stephen Miller may have "directed the Justice Department to convert or open this investigation" and then the defendant can only point to the fact that several groups sent him a letter complaining about the defendant. This is a red herring. The government maintains that the defendant has not made a sufficient showing for any of its requested relief, that the defendant has not shown the need for a hearing, and that the motion to dismiss should be denied.

Respectfully submitted, this 29th day of June 2026.

THOMAS GOVAN
United States Attorney

/s/ Kevin P. Davidson
Kevin P. Davidson
First Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7135
E-mail: kevin.p.davidson@usdoj.gov

---

[2] The defendant also makes much of the fact that the SA used similar language to the Letter in the "Incident Summary." *See* Doc. 74 at 2–4, and Doc. 74-1 (Def. Exh. 28). In fact, this is the result of nothing more than (a) quoting the same source material and (b) tracking the language of the potential victim. It is unsurprising that the same quotations will be identical when quoted in different documents. Further, SAs frequently track the language of victims when writing reports converting cases from one category to another (which this is, *see* Doc. 74-1) in order to avoid mischaracterizing or misconstruing the potential victim's complaint. Once again, the defendant is attempting to recharacterize perfectly ordinary investigative techniques as something sinister instead of what they are.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:26-cr-139-ECM-KFP |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, INC. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2026, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to all counsel of

record.

Respectfully submitted,

/s/ Kevin P. Davidson
Kevin P. Davidson
First Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7135
E-mail: kevin.p.davidson@usdoj.gov