IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:26-cr-139-ECM-KFP |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, INC. and | ) | |
| HEIDI BEIRICH | ) | |

**BRIEF REGARDING MOTIONS TO SEVER AND CONTINUE**

**A. The Motion to Sever Should Be Denied**

The United States Supreme Court has recognized that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafrio v. United States*, 506 U.S. 534, 537 (1993). The Eleventh Circuit has stated "the rule about joint trials is that 'defendants who are indicted together are usually tried together.'" *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011) (citing *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007). "That rule is even more pronounced in conspiracy cases where the refrain is that 'defendants charged with a common conspiracy should be tried together.'" *Lopez*, 649 F.3d at 1234. (quoting *United States v. Beale*, 921 F.2d 1412, 1428 (11th Cir. 1991)). The reason for this presumption is that "[j]oint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *Lopez*, 649 F.3d at 1233–34. "It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand."

*Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Although the motion to sever in this case is not premised on the existence of incriminating statements, the same reasoning applies. Also, not only would the witnesses in this case have to testify twice, many of them will be required to travel from out-of-state, disrupting their lives each time they are required to be here for trial.

The Supreme Court has cautioned that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "Examples of specific constitutionally protected trial rights that might be jeopardized in a joint trial are the Sixth Amendment right to confrontation and the Fifth Amendment right to remain silent." *Lopez*, 649 F.3d 1222, 1235. Rule 14(a) of the Federal Rules of Criminal Procedure allows for severance of properly joined defendants if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). In such a motion, the defendant bears the burden to "demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). The SPLC's motion is simply based upon its desire to have a trial sooner, rather than later. That is not "specific and compelling prejudice to the conduct of [its] defense." *Schlei*, 122 F.3d at 984. Therefore, the motion to sever should be denied.

**B. Defendant Beirich's Motion for a Continuance Should Be Granted**

Defendant Beirich has orally moved for a continuance of her trial from October 5, 2026 to a date no earlier than late January 2027. Defendant Beirich was arraigned in this case on August 25, 2026. On that date, the Government provided access to nearly thirty thousand items of discovery and has since provided access to an additional 1TB+ of material. In considering whether to set trial outside the Speedy Trial Act's 70-day period, the court must consider "whether the

failure to grant such a continuance ... would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The Government finds Defendant Beirich's attorneys' assertion that they need more time to review discovery and potentially file pretrial motions and/or weigh-in on existing motions to be reasonable and a continuance is warranted.

Respectfully submitted this 28th day of August, 2026.

THOMAS GOVAN
UNITED STATES ATTORNEY

*/s/ Kevin P. Davidson*
Kevin P. Davidson
First Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7135
E-mail: kevin.p.davidson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:26-cr-139-ECM-KFP |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, INC. and HEIDI BEIRICH | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, I filed the foregoing with the Clerk of the Court using the CMECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

*/s/ Kevin P. Davidson*
Kevin P. Davidson
First Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7135
E-mail: kevin.p.davidson@usdoj.gov