# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JAMES PICKERING,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 1:19-CV-00001-LGF |

**<u>DECLARATION OF MICHAEL G. SEIDEL</u>**

I, Michael G. Seidel, declare as follows:

(1) I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), Federal Bureau of Investigation ("FBI"), Winchester, Virginia. I joined the FBI in September 2011, and prior to my current position, I was the Assistant Section Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS Litigation Support Unit, from November 2012 to June 2016; and an Assistant General Counsel, FBI Office of the General Counsel, Freedom of Information Act ("FOIA") Litigation Unit, from September 2011 to November 2012. In those capacities, I had management oversight or agency counsel responsibility for FBI FOIA and Privacy Act ("FOIPA") litigation cases nationwide. Prior to my joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration ("DEA"), from September 2006 to September 2011, where among myriad legal responsibilities, I advised on FOIPA matters and served as agency counsel representing the DEA in FOIPA suits nationwide. I also served as a U.S. Army Judge Advocate General's Corps

Officer in various assignments from 1994 to September 2006 culminating in my assignment as Chief, General Litigation Branch, U.S. Army Litigation Division, where I oversaw FOIPA litigation for the U.S. Army. I am an attorney registered in the State of Ohio and the District of Columbia.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 237 FBI employees, supported by approximately 91 contractors, who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request for records related to Leonard Peltier.

(4) In response to Plaintiff's request, the FBI processed a total of 5253 pages of responsive records subject to the FOIA. On January 22, 2021, the parties agreed the FBI would select a sample set of 500 pages from randomly selected processed records containing withheld material, provide Plaintiff with justification for the exemptions asserted to withhold information,

and describe pages withheld in full ("WIF"). It was determined randomly selecting pages throughout the production would provide Plaintiff better context for the FBI's withholdings. Included with this declaration is a coded Vaughn index of the 500 pages selected for the sample. (**Ex. N.**) The index contains a coding chart listing each exemption justification category. Of the 500 pages, 342 pages were released in part ("RIP"), and 158 pages were WIF based on FOIA exemptions. The FBI submits this declaration in support of Defendant's motion for summary judgment, and to provide the Court with a summary of the administrative history of Plaintiff's request and the procedures used to search for, review, and process responsive records. In accordance with *Vaughn v. Rosen*, 424 F.2d 820 (D.C. Cir. 1973), this declaration also provides the FBI's justification for withholding information in part or in full pursuant to FOIA Exemptions 3, 5, 6, 7(C), 7(D), and 7(E), 5 U.S.C. §§ 552(b)(3), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E).

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUEST FBI FOIA REQUEST NUMBER 1396731-000

(5) By letter dated February 17, 2018, Plaintiff submitted a FOIA request to the FBI requesting disclosure of any and all records that were prepared, received, transmitted, collected and/or maintained by the Federal Bureau of Investigation (FBI), the Terrorist Screening Center, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to ***Leonard Peltier***. Plaintiff specifically asked for the following records:

> Any and all records communications between your agency and the late Gerald W. Heaney, who sat on the United States Court of Appeals for the Eighth Circuit, concerning Leonard Peltier.
>
> Any and all communications between your agency and William H. Webster, former Director of the FBI and CIA, who also sat on the United States Court of Appeals for the Eighth Circuit, concerning Leonard Peltier.

Any and all communications between your agency and the Office of the Pardon Attorney concerning Leonard Peltier.

Any and all communications between your agency and President Barack H. Obama concerning Leonard Peltier.

Any and all communications between your agency and the United States Parole Commission concerning Leonard Peltier.

Any and all communications between your agency and the Hearing Officer who presided over Mr. Peltier's July 28, 2009 parole hearing.

Any and all communications between your agency and Edward P. "Ed" Woods, retired FBI Special Agent, who runs the anti-Peltier blog, No Parole Peltier Association (NPPA), www.noparolepeltier.com, concerning Leonard Peltier.

Any and all communications between your agency and Joseph H. Trimbach, retired FBI Special Agent in Charge, and his son, John M. Trimbach, concerning Leonard Peltier. The Trimbachs are the authors of ***American Indian Mafia: An FBI Agent's True Story About Wounded Knee, Leonard Peltier and the American Indian Movement (AIM).***

Additionally, Plaintiff provided a Certification of Identity form signed by Mr. Peltier, authorizing release of information concerning Mr. Peltier to Plaintiff. Plaintiff also requested the records be provided in electronic format. **(Ex. A.)**

(6) By letter dated February 26, 2018, the FBI acknowledged receipt of Plaintiff's FOIA request, and notified Plaintiff it had assigned his request FBI FOIA Request Number 1396731-000. Additionally, for the purpose of assessing fees, the FBI determined that Plaintiff was a general requester, and would be charged applicable search and duplication fees in accordance with 5 U.S.C. § 552(a)(4)(A)(ii)(III). The FBI advised that Plaintiff could check the status his request and contact the FBI with any questions at www.fbi.gov/foia. The FBI notified Plaintiff he could appeal the FBI's response to the Department of Justice ("DOJ"), Office of Information Policy ("OIP"), within ninety (90) days of the letter, contact the FBI's FOIA public

liaison, and or seek dispute resolution services by contacting the Office of Government Information Services ("OGIS"). **(Ex. B.)**

(7) By letter dated May 3, 2018, Plaintiff submitted an appeal to DOJ OIP claiming the FBI failed to locate and process the requested records within the required time frame under the FOIA. **(Ex. C.)**

(8) By letter dated May 21, 2018, DOJ OIP acknowledged receipt of Plaintiff's appeal and assigned it number DOJ-AP-2018-005478. **(Ex. D.)**

(9) By letter dated June 1, 2018, DOJ OIP advised Plaintiff that there is no action for DOJ OIP to consider on appeal because the FBI had not yet issued an adverse determination. DOJ OIP further advised that it had contacted the FBI and confirmed the request is currently being processed, and advised Plaintiff that he could appeal again to DOJ OIP if dissatisfied with the FBI's final response. **(Ex. E.)**

(10) By letter dated July 5, 2018, the FBI advised Plaintiff that approximately 6,020 pages of records potentially responsive to the subject of his request were located via the FBI's search and, pursuant to DOJ regulations, advised that the anticipated fees could exceed $25.00. Plaintiff was also informed that: releases are made via CD unless otherwise requested; each CD contains up to approximately 500 reviewed pages; the first 100 pages or the cost equivalent ($5.00) is free of charge; and if all potentially responsive pages are processed for release, he will owe $190.00 in duplication fees for CD releases (13 CDs at $15.00 each, less $5.00 credit for the first CD), or $296.00 if Plaintiff requested the releases in paper format. The FBI reminded Plaintiff that the anticipated fees associated with his request are only an estimate, as some information may be withheld in full pursuant to FOIA exemptions or may be non-responsive to Plaintiff's FOIA request. Thus, the actual charges could be less than the estimate

provided. Plaintiff was instructed to notify RIDS in writing within thirty (30) days from the date of the letter of his format decision (paper or CD) and commitment to pay the estimated fees or the request would be closed. Plaintiff was further advised that if he wished to reduce the scope of the FOIA request, costs associated with the request would be less and result in a faster response. Additionally, the FBI informed Plaintiff that he could check the status of his request and contact the FBI with any questions at www.fbi.gov/foia. Lastly, Plaintiff could appeal the FBI's response to the DOJ OIP within ninety (90) days of the letter, contact the FBI's FOIA public liaison, or seek dispute resolution services by contacting OGIS. **(Ex. F.)**

(11) By letter dated July 18, 2018, Plaintiff's counsel, Michael Kuzma, indicated that his client agreed to pay $190.00 for CD releases and asked on what date the 6,020 pages of records would be released. **(Ex. G.)**

(12) By letter dated July 31, 2018, the FBI advised Plaintiff that requests are processed in the order in which they are received through a multi-track system and explained that requests are divided into two primary tracks: simple and complex, with complex requests further divided into medium, large, and extra-large sub-tracks based upon size. The FBI notified Plaintiff that his request is in the large track requiring more time to process and asked Plaintiff to contact the FBI if he wanted to narrow the scope of his request. **(Ex. H.)**

(13) By letter dated October 10, 2018, Plaintiff submitted an appeal to DOJ OIP claiming the FBI failed to locate and process the requested records within a reasonable amount of time, and he is treating the failure of the FBI to comply with his FOIA request within the time parameters set forth in the FOIA as a denial. **(Ex. I.)**

(14) By letter date October 30, 2018, DOJ OIP acknowledged receipt of Plaintiff's appeal and assigned it number DOJ-AP-2018-000539. **(Ex. J.)**

(15) On January 2, 2019, Plaintiff filed his complaint in the U.S. District Court for the Western District of New York. (ECF No. 1.)

(16) By letter dated February 6, 2019, DOJ OIP advised Plaintiff that the FBI had not yet made an adverse determination for DOJ OIP to consider on appeal. DOJ OIP assured Plaintiff that his request was currently being processed by the FBI and he could appeal again to DOJ OIP if dissatisfied with the FBI's final response. **(Ex. K.)**

(17) By letter dated March 6, 2019, the FBI provided Plaintiff with a modified estimate of fees associated with his request. The FBI informed Plaintiff that approximately 4,760 pages of records and audio and video files potentially responsive to the subject of his request were located via the FBI's search and, pursuant to DOJ regulations, advised that the anticipated fees could exceed $25.00. Plaintiff was reminded that: releases are made via CD unless otherwise requested; each CD contains up to approximately 500 reviewed pages; and the first 100 pages or the cost equivalent ($5.00) is free of charge. Plaintiff was provided with an updated cost estimate, explaining that if all potentially responsive pages and all audio and video files are processed for release, he will owe $235.00 in duplication fees for CD releases (16 CDs at $15.00 each, less $5.00 credit for the first CD), or $233.00 if he requested the releases only in paper format. The FBI reminded Plaintiff that the anticipated fees associated with his request are only an estimate, as some information may be withheld in full pursuant to FOIA exemptions or may be non-responsive to Plaintiff's FOIA request. Thus, the actual charges could be less than the estimate provided. Plaintiff was instructed to notify RIDS in writing within thirty (30) days from the date of the letter of his format decision (paper or CD) and commitment to pay the estimated fees or the request would be closed. Plaintiff was further advised that if he wished to reduce the scope of the FOIA request, costs associated with the request would be less and result

in a faster response. Additionally, the FBI informed Plaintiff that he could check the status his request and contact the FBI with any questions at www.fbi.gov/foia. Lastly, Plaintiff could appeal the FBI's response to the DOJ OIP within ninety (90) days of the letter, contact the FBI's FOIA public liaison, or seek dispute resolution services by contacting OGIS. **(Ex. L.)**

(18) The FBI received a copy of a letter dated May 30, 2019, sent by Plaintiff's counsel to the AUSA assigned to this litigation, confirming their telephone conversation regarding the narrowing of the scope of Plaintiff's FOIA request. The letter specifically stated that with the exception of Subfile N[1], the FBI does not need to reprocess records that were the subject of prior FOIA litigation brought in the United States District Courts for the District of Minnesota and Western District of New York. The request was further narrowed to records that fall within the scope of Plaintiff's February 17, 2018, FOIA request, that were generated after the aforementioned litigation and specifically listed in the request.

(19) Beginning on October 31, 2019, and continuing through November 30, 2020, the FBI made 12 interim releases in response to Plaintiff's 2018 request (subject: Leonard Peltier). Plaintiff was advised with each response of the duplication costs associated with each release and of his right to appeal the FBI's determinations to DOJ OIP within 90 days of the date of each letter. In addition, from February 7, 2020, through January 4, 2021, Plaintiff remitted payments to the FBI for each release totaling $160.00.[2] **(Ex. M.)**

[1] File 70-MP-10239 Subfile N was processed in previous FOIA litigation brought by Leonard Peltier.

[2] In the sixth and seventh interim releases, the FBI advised Plaintiff that RIDS was operating at reduced staffing levels amidst the ongoing COVID-19 national emergency and those releases represented the work product that could be generated for Plaintiff under the unprecedented circumstances.

| Interim No. & Date of Production | Pages Reviewed | Pages Released | Exemptions Claimed | Bates Page Range |
|---|---|---|---|---|
| First Interim 10/31/19 | 501 | 470 | 3, 6, 7(C), 7(D), 7(E) | 1-501 |
| Second Interim 12/5/19 | 501 | 490 | 3, 6, 7(C), 7(D), 7(E) | 502-1002 |
| Third Interim 1/7/20 | 505 | 466 | 3, 6, 7(C), 7(D), 7(E) | 1003-1507 |
| Fourth Interim 1/31/20 | 501 | 481 | 3, 5, 6, 7(C), 7(D), 7(E) | 1508-2008 |
| Fifth Interim 2/29/20 | 501 | 423 | 3, 6, 7(C), 7(D), 7(E) | 2009-2509 |
| Sixth Interim[3] 5/29/20 | 168 | 146 | 3, 6, 7(C), 7(D), 7(E) | 2510-2677 |
| Seventh Interim 6/30/20 | 309 | 249 | 3, 6, 7(C), 7(D), 7(E) | 2678-2986 |
| Eighth Interim 7/31/20 | 500 | 347 | 3, 6, 7(C), 7(D), 7(E) | 2987-3486 |
| Ninth Interim 8/31/20 | 502 | 328 | 3, 6, 7(C), 7(D), 7(E) | 3487-3988 |
| Tenth Interim | 502 | 392 | 3, 5, 6, 7(C), | 3989-4490 |

[3] RIDS made no releases to Plaintiff for the months of March and April due to the COVID-19 national emergency.

| | | | | |
|---|---|---|---|---|
| 9/30/20 | | | 7(D), 7(E) | |
| Eleventh Interim<br>10/30/20 | 500 | 393 | 3, 6, 7(C),<br>7(D), 7(E) | 4491-4990 |
| Twelfth Final<br>11/30/20 | 263 | 219 | 3, 6, 7(C),<br>7(D), 7(E) | 4991-5253 |
| Total Pages | 5,253 | 4,404 | | |

**THE FBI'S CENTRAL RECORDS SYSTEM**

(20) The Central Records System ("CRS") is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its mission and integrated functions as a law enforcement, counterterrorism, and intelligence agency to include performance of administrative, such as personnel, functions. The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters ("FBIHQ"), FBI field offices, and FBI legal attaché offices ("legat") worldwide.

(21) The CRS consists of a numerical sequence of files, called FBI "classifications," which are organized according to designated subject categories. The broad array of CRS file classification categories includes types of criminal conduct and investigations conducted by the FBI, as well as categorical subjects pertaining to counterterrorism, intelligence, counterintelligence, personnel, and administrative matters. For identification and retrieval purposes across the FBI, when a case file is opened, it is assigned a Universal Case File Number ("UCFN") consisting of three sequential components: (a) the CRS file classification number; (b) the abbreviation of the FBI office of origin ("OO") initiating the file; and (c) the assigned

individual case file number for that particular subject matter.[4] Within each case file, pertinent documents of interest are "serialized," or assigned a document number in the order which the document is added to the file, typically in chronological order.

**THE CRS GENERAL INDICES AND INDEXING**

(22) The general indices to the CRS are the index or "key" to locating records within the enormous amount of information contained in the CRS. The CRS is indexed in a manner which meets the FBI's investigative needs and priorities and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties. The general indices are arranged in alphabetical order and comprise an index on a variety of subject matter to include individuals, organizations, events, or other subjects of investigative interest that are indexed for future retrieval. The entries in the general indices fall into two category types:

A. Main entry. A main index entry is created for each individual or non-individual that is the subject or focus of an investigation. The main subject(s) are identified in the case title of most documents in a file.

B. Reference entry. A reference index entry is created for individuals or non-individuals associated with the case but are not the main subject(s) or focus of an investigation. Reference subjects are typically not identified in the case title of a file.

(23) FBI employees may index information in the CRS by individual (persons), by

[4] For example, in a fictitious file number of "11Z-HQ-56789," "11Z" indicates the file classification, "HQ" indicates that FBI Headquarters is the FBI OO, and "56789" indicates the assigned case specific file number.

organization (organizational entities, places, and things), and by event (*e.g.,* a terrorist attack or bank robbery). Indexing information in the CRS is done at the discretion of FBI investigators when information is deemed of sufficient significance to warrant indexing for future retrieval. Accordingly, the FBI does not index every individual name or other subject matter in the general indices.

**AUTOMATED CASE SUPPORT**

(24) Automated Case Support ("ACS") was an electronic, integrated case management system that became effective for FBIHQ and all FBI field offices and legats on October 1, 1995. As part of the ACS implementation process, over 105 million CRS records were converted from automated systems previously utilized by the FBI into a single, consolidated case management system accessible by all FBI offices. ACS had an operational purpose and design to enable the FBI to locate, retrieve, and maintain information in its files in the performance of its mission and myriad functions.[5]

(25) The Universal Index ("UNI") was the automated index of the CRS and provided all offices of the FBI a centralized, electronic means of indexing pertinent investigative information to FBI files for future retrieval via index searching. Individual names were recorded with applicable identifying information, such as date of birth, race, sex, locality, social security number, address, and/or date of an event. Moreover, ACS implementation built upon and incorporated prior automated FBI indices; therefore, a search employing the UNI application of ACS encompassed data that was already indexed into the prior automated systems superseded by

---

[5] ACS was, and the next generation Sentinel system is, relied upon by the FBI daily to fulfill essential functions, such as conducting criminal, counterterrorism, and national security investigations; background investigations; citizenship and employment queries; and security screening, to include presidential protection.

ACS. As such, a UNI index search in ACS was capable of locating FBI records in both paper and electronic format created before its 1995 FBI-wide implementation[6]

## ACS AND SENTINEL

(26) Sentinel is the FBI's next generation case management system that became effective FBI-wide on July 1, 2012. Sentinel provides a web-based interface to FBI users, and it includes the same automated applications that were utilized in ACS. After July 1, 2012, all FBI generated records are created electronically in case files via Sentinel; however, Sentinel did not replace the relevance of ACS as an important FBI search mechanism. Just as pertinent information was indexed into UNI for records generated in ACS before July 1, 2012, when a record is generated in Sentinel, information is indexed for future retrieval. Additionally, in the time frame in which both systems were operational, any information indexed within Sentinel was also indexed in ACS.

(27) On August 1, 2018, the ACS case management system was decommissioned and ACS data migrated into Sentinel, including the ACS indices data and digitized investigative records. Sentinel retains the index search methodology and function whereby the CRS is queried (now via Sentinel) for pertinent index main or reference entries in case files. All CRS index data from the UNI application previously searched via ACS is now searched through the "ACS Search" function within Sentinel.

(28) Considering ACS was still operational at the time the FBI conducted searches for Plaintiff's request, RIDS followed its standard practice and began its FOIA searching efforts by

[6] Older CRS records that were not indexed into UNI as a result of the 1995 ACS consolidation remain searchable by manual review of index cards, known as the "manual indices."

conducting an index search via the UNI application of ACS. When appropriate (when records were reasonably expected to have been created on or after July 1, 2012), RIDS built on its ACS index search by conducting an index search of Sentinel records to ensure it captured all relevant data indexed after the implementation of Sentinel. These two index searches in most cases, including in Plaintiff's case, represent the most reasonable means for the FBI to locate records potentially responsive to FOIA requests filed when ACS was operational. This is because the automated indices offer access to a comprehensive, agency-wide set of indexed data on a wide variety of investigative and administrative subjects. Currently, the FBI's automated indices consist of millions of searchable records and are updated daily with material newly indexed in Sentinel.

(29) The location of records indexed to the subject of a FOIA request does not automatically mean the indexed records are responsive to the subject. Index searches are the means by which potentially responsive records are located, but ultimately, a FOIPA analyst must consider potentially responsive indexed records against the specific parameters of an individual request. Responsiveness determinations are made once indexed records are gathered, analyzed, and sorted by FOIPA analysts who then make informed scoping decisions to determine the total pool of records responsive to an individual request.

**THE FBI'S MANUAL INDICES**

(30) The indices to the CRS originally consisted of 3"x 5" paper index cards, filed alphabetically based on subject matter, e.g., individual, event, organization, or other topic of investigative or administrative interest to the FBI. Along with the subject of interest, the cards contained the file numbers, serial numbers, and page numbers within files where the subject information was located. The FBI retrieved records by manually searching through these paper

index cards, then obtaining the relevant file numbers and serials referenced in the index cards. FBIHQ, each of the FBI's field offices, and many of the FBI's legats possessed their own sets of manual index cards.

(31) Much of the FBI's manual indices for FBIHQ and FBI field offices were automated into electronic indices, which later merged into ACS; but due to resource constraints and operational needs, not all the manual indices were automated into the electronic indices. Automation of the FBIHQ manual indices can reasonably be expected to have captured all indexed data on individuals born on or after January 1, 1958, and all organizations and events created or occurring on or after January 1, 1973. Automation of the FBI's field offices' manual indices can reasonably be expected to capture all indexed data on individuals born on or after June 30, 1973, and all organizations and events created or occurring on or after June 30, 1988. Automation of FBI legats' manual indices began with the advent of ACS on October 16, 1995, thus it could reasonably be expected to capture all indexed data on individuals born on or after October 16, 1980, and all organizations and events created or occurring on or before October 16, 1995. If requested records were likely indexed before these timeframes, and it was not reasonable for the FBI to assume searches of ACS and Sentinel will locate all indexed data, the FBI conducted searches within the appropriate manual indices.

(32) Starting in April 2008, the FBI began automating its remaining manual indices for FBIHQ, all FBI field offices, and all FBI legats. Automation was accomplished by scanning all the paper index cards and converting them to digital images. The FBI then used optical character recognition ("OCR") software to make the information on the digital images electronically searchable. As of December 2010, all the manual indices of FBIHQ, FBI field offices, and FBI legats for which manual indices existed, can be searched electronically by FBI personnel.

## ELECTRONIC SURVEILLANCE INDICES

(33) The electronic surveillance ("ELSUR") indices comprise records related to electronic surveillance sought, administered, and conducted by the FBI. The ELSUR indices include records of: (a) targeted individuals and entities of electronic surveillance pursuant to court order, consensual monitoring, or other authority; (b) owners, lessors, or licensors of the premises where the FBI conducted electronic surveillance; and (c) individuals identified as participants in monitored and recorded communications. The ELSUR indices is a separate system of records, but this does not mean the data housed within the ELSUR indices is not also available in the CRS, because targets of electronic surveillance are also indexed within the CRS. Electronic surveillance is an investigative technique pursued in furtherance of FBI investigations, and the opening of an investigation (and subsequent indexing of targets of the investigation) would be a prerequisite to the initiation of electronic surveillance. Thus, searches of the CRS, which at the time of Plaintiff's request were conducted via index searches of ACS and Sentinel, were reasonably expected to locate records relating to electronic surveillance.

## ADEQUACY OF SEARCH

(34) Main and Reference Files. RIDS policy is to search for and identify only "main" files responsive to most FOIA requests at the administrative stage. In response to the filing of a complaint, including Plaintiff's complaint, RIDS conducts an additional search of the CRS to locate any "reference" material potentially responsive to a plaintiff's request.

(35) Index Searching. To locate CRS information, RIDS employs an index search methodology. Index searches of the CRS are reasonably expected to locate responsive material within the vast CRS since the FBI indexes pertinent information into the CRS to facilitate retrieval to serve its primary law enforcement and intelligence gathering functions. Given the

broad range of indexed material in terms of both time frame and subject matter that it can locate in FBI files, the FBI automated indices available through Sentinel is the mechanism RIDS employs to conduct CRS index searches.

(36) CRS Search and Results. In response to Plaintiff's request, RIDS conducted CRS index searches for potentially responsive records employing the UNI application of ACS and the Sentinel automated indices by using the following search terms: "Leonard Peltier," "Lwonard Peltier," and "Leonard James Peltier." The CRS search encompassed records maintained in FBIHQ as well as all FBI's field offices. RIDS used information in Plaintiff's request letter, such as Leonard Peltier's date of birth and other identifying information, to facilitate the identification of responsive records. As a result of these search efforts, the FBI identified main and cross-reference records indexed in Leonard Peltier's name.

(37) Considering Plaintiff's request focused on records of an individual born before January 1, 1958, the FBI supplemented its search of the ACS and Sentinel indices with a search of the pertinent manual indices (now in electronic format as described above) for FBIHQ and applicable field offices, specifically, Buffalo, Memphis, Oklahoma City, Omaha, Richmond, Los Angeles, Denver, Detroit, Birmingham, Minneapolis, San Juan, Sacramento, Portland, San Antonio, Charlotte, and Phoenix.

(38) Scope of Search. RIDS conducted a search reasonably calculated to locate records responsive to Plaintiff's request. First, given its comprehensive nature and scope, the CRS is the principal records system searched by RIDS to locate information responsive to most FOIA requests, as the CRS is where the FBI indexes information about individuals, organizations, and other subjects of investigative interest for future retrieval. *See supra* ¶ 20. Second, the CRS is the FBI system where records responsive to this request would reasonably

be found. Given Plaintiff's request seeks information about Leonard Peltier, such information would reasonably be expected to be located in the CRS via the index search methodology. Third, any responsive information within the ELSUR indices would be duplicative of information located via the ACS and Sentinel indices. Thus, the search of the ACS and Sentinel indices accomplished the task of locating any responsive information in the ELSUR indices.

(39) Proposed Searches of Other Systems and Locations. Plaintiff requested that the FBI search specific systems and locations for responsive records. Specifically, Plaintiff sought searches of "Laboratory Records" and of the FBI's "Bureau Mailing Lists" records system. Given the nature of Plaintiff's request for records relating or referring to an individual, specifically Leonard Peltier (a subject reasonably expected to be indexed within ACS or Sentinel), and the comprehensive nature of the information contained in the CRS, the CRS is the FBI system of records where responsive records could reasonably be expected to be found. RIDS search policy is grounded on the principle of reasonableness, not mere possibility, in the absence of information suggesting that records may be found elsewhere. Plaintiff provided no information for RIDS to reasonably conclude records would reside outside the CRS and in the specific system and location identified. Moreover, there is no indication within the records located through the CRS index search that responsive material could reside in any other FBI system or location. Therefore, there was no basis to conclude that these additional searches could reasonably be expected to locate responsive information.

**JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA**

(40) The FBI processed all documents responsive to Plaintiff's request to achieve maximum disclosure consistent with the access provisions of the FOIA. Every effort was made to provide Plaintiff with all material in the public domain and with all reasonably segregable,

non-exempt information. The FBI did not withhold any reasonably segregable, non-exempt information from Plaintiff. Further description of the information withheld, beyond what is provided in this declaration, could identify the actual exempt information protected by the FBI. The FBI Bates-numbered all pages of its production consecutively as FBI (19-cv-1)-1 through FBI (19-cv-1)-5253. On the pages released in full or in part, these numbers are typically located at the bottom of each page. Pursuant to agreement of the parties to limit justification of the exemptions to a 500-page sample, included with this declaration is a Vaughn index based on that sample **(Ex. N.)** The index explains where within the selected sample the FBI withheld pages in their entirety and the applied FOIA exemptions and explains on which pages it asserted these FOIA exemptions.[7]

(41) Additionally, on the Bates-numbered pages provided to Plaintiff, and on pages WIF and RIP that are accounted for in the sample set index, the FBI further categorized its application of exemptions to better explain the nature of the information withheld pursuant to the provisions of the FOIA. Specifically, the FBI applied numerical codes that coincide with various categories of exempt information. These coded categories are provided to aid the Court's and Plaintiff's review of the FBI's explanations of the FOIA exemptions asserted. The coded Bates-numbered pages together with this declaration demonstrate that all information withheld by the FBI is exempt from disclosure pursuant to the cited FOIA exemptions, or is so intertwined with protected information that segregation is not possible without revealing the underlying protected information.

---

[7] If requested, the FBI will provide copies of all records processed and released to the Court for *in camera* inspection.

(42) Each instance of information withheld pursuant to a FOIA exemption is accompanied by a coded designation that corresponds to the categories listed below. For example, if “(b)(7)(C)-1” appears on a page, the “(b)(7)(C)” designation refers to FOIA Exemption 7(C) protecting against unwarranted invasions of personal privacy. The numerical designation of “1” following “(b)(7)(C)” narrows the main category into a more specific subcategory, such as “Names and Other Identifying Information of FBI Special Agents and Professional Staff.”

(43) Listed below are the categories used to explain the FOIA exemptions the FBI asserted to withhold information:

| SUMMARY OF EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **Exemption 3[8]** | **Information Protected by Statute** |
| (b)(3)-1 and (b)(3)-3[9] | National Security Act of 1947, as Amended (50 U.S.C. § 3024(i)(1)) |
| (b)(3)-4[10] | Title III of the Omnibus Crime Control and Safe Streets Act (18 U.S.C. § 2511) |
| **Exemption 5** | **Privileged Information** |
| (b)(5)-1 | Attorney Work Product |
| **Exemptions 6 & 7(C)** | **Clearly Unwarranted Invasion of Personal Privacy and Unwarranted Invasion of Personal Privacy** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and Other Identifying Information of FBI Special Agents and Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Other Identifying Information of Third Parties Merely Mentioned |

---

[8] Plaintiff is not challenging redactions made by the FBI relating to grand jury material withheld under 5 U.S.C. § 552(b)(3) and Federal Rules of Criminal Procedure Rule 6(e), Vaughn code (b)(3)-2.

[9] The FBI inadvertently used two Vaughn codes to protect the same category of information withheld pursuant to FOIA Exemption (b)(3) in conjunction with 50 U.S.C. § 3024(i)(1).

[10] The FBI asserted (b)(3)-4 on Bates page 4214 of the sample set index. After further review, the FBI determined FOIA Exemption (b)(3), coded category 4, is not applicable to the withheld information. However, all other asserted exemptions remain applicable.

| | |
|---|---|
| (b)(6)-3 and (b)(7)(C)-3 | Names and Other Identifying Information of Local Law Enforcement Personnel |
| (b)(6)-4 and (b)(7)(C)-4 | Names and Other Identifying Information of Third Parties Who Provided Information (*cited at times in conjunction with (b)(7)(D)*) |
| (b)(6)-5 and (b)(7)(C)-5 | Names and Other Identifying Information of Third Parties of Investigative Interest |
| **Exemption 7(D)** | **Confidential Source Information** |
| (b)(7)(D)-1 | Confidential Source File Numbers |
| (b)(7)(D)-2 | Confidential Source Symbol Numbers |
| (b)(7)(D)-3 | Names and Other Identifying Information of, and Information Provided by, Sources Under an Express Assurance of Confidentiality |
| (b)(7)(D)-5 | Names and Other Identifying Information of, and Information Provided by, Local Law Enforcement Agencies |
| (b)(7)(D)-6 | Names and Other Identifying Information of, and Information Provided by, Individuals Under an Implied Assurance of Confidentiality |
| (b)(7)(D)-4 and (b)(7)(D)-7[11] | Identifying Information of and Information Provided by Foreign Government Agencies Under an Express Assurance of Confidentiality |
| **Exemption 7(E)** | **Investigative Techniques and Procedures** |
| (b)(7)(E)-1 | Sensitive Investigative File Numbers |
| (b)(7)(E)-2 | Collection and Analysis of Information Including Database Information and Search Results |
| (b)(7)(E)-3 | Surveillance Techniques |
| (b)(7)(E)-4 | Monetary Payments |

## EXEMPTION 3 - INFORMATION PROTECTED BY STATUTE

(44) Exemption (b)(3) exempts from disclosure information "specifically exempted from disclosure by statute . . . if that statute (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria from withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the Open FOIA Act of 2009, specifically cites to this paragraph." 5 U.S.C. § 552(b)(3).

[11] The FBI inadvertently used two Vaughn codes to protect the same category of information withheld pursuant to FOIA Exemption (b)(7)(D).

(b)(3)-1 and (b)(3)-3 - NATIONAL SECURITY ACT OF 1947, AS AMENDED, 50 U.S.C. § 3024(i)(1)

(45) The FBI asserted Exemption 3 in coded categories 1 and 3 to withhold information pursuant to Section 102A(i)(1) of the National Security Act of 1947 ("NSA"), as amended by the Intelligence Reform and Terrorism Prevention Act of 2004 ("IRTPA"). This statute provides that the Director of National Intelligence ("DNI") "shall protect intelligence sources and methods from unauthorized disclosure."[12] As relevant to U.S.C. § 552(b)(3)(B), the National Security Act of 1947 was enacted before the date of enactment of the OPEN FOIA Act of 2009. On its face, this federal statute leaves no discretion to agencies about withholding from the public information about intelligence sources and methods. Thus, the protection afforded to intelligence sources and methods by 50 U.S.C. § 3024(i)(1) is absolute. *See CIA v. Sims*, 471 U.S. 159 (1985).

(46) To fulfill its obligation of protecting intelligence sources and methods, the DNI is authorized to establish and implement guidelines for the Intelligence Community ("IC") for the classification of information under applicable laws and Executive Orders and other presidential directives, and for access to and dissemination of intelligence. 50 U.S.C. § 3024(i)(1). In implementing this authority, the DNI promulgated Intelligence Community Directive 700, which provides that IC elements shall protect "national intelligence and intelligence sources and methods and activities from unauthorized disclosure."[13] The FBI is one of 17 member agencies comprising the IC, and as such must protect intelligence sources and

---

[12] Section 102A(i)(1) of the National Security Act was previously codified at 50 U.S.C. § 403(i)(1). As a result of the reorganization of Title 50 of the U.S. Code, Section 102A(i)(1) is now codified at 50 U.S.C. § 3024(i)(1).

[13] Intelligence Community Directive (ICD) 700, dated June 7 2012, at ¶ E.2.a.

Case 1:19-cv-01590-ECM-KGP Document 15-1 Filed 04/13/22 Page 23 of 130

methods.

(47) Given the plain congressional mandate to protect the IC's sources and methods of gathering intelligence, the FBI determined that intelligence sources and methods would be revealed if any of the withheld information is disclosed to Plaintiff. Therefore, the FBI is prohibited from disclosing such information under 50 U.S.C. § 3024(i)(1).[14]

(48) The FBI asserted Exemption 3, at times in conjunction with Exemption 7(E) to protect information that would reveal intelligence sources and methods. Information was also protected under Exemption 7(E) because unclassified intelligence sources and methods were employed in the applicable investigation, and thus would qualify as both an intelligence source and method under Exemption 3 and a law enforcement technique under Exemption 7(E). Notably, 50 U.S.C. § 3024(i)(1) protects sources and methods regardless of whether they are classified. *See Sims*, 471 U.S. at 176. Accordingly, the FBI properly withheld this information pursuant to Exemption 3 and, at times, Exemption 7(E).

**EXEMPTION 5 – PRIVILEGED INFORMATION**

(49) FOIA Exemption 5 has been construed to exempt documents and information normally privileged in the civil discovery context, and it incorporates the attorney work product privilege. Generally, the attorney work product privilege protects documents and information prepared by an attorney or under the direction of an attorney as part of, or in reasonable anticipation of, litigation. The privilege covers client-supplied information and guidance and opinions given by an attorney based on and reflecting that information.

---

[14] Although 50 U.S.C. § 3024(i)(1) does not impose a requirement to articulate harm, disclosure of this information presents a bona fide opportunity for individuals to develop and implement countermeasures, resulting in the loss of significant intelligence information, sources, and methods relied upon by national policymakers and the IC to safeguard the national security of the United States.

(50) To apply Exemption 5, agencies must first satisfy the threshold requirement, *i.e.,* show that the information protected consists of inter-agency or intra-agency information. Once the threshold is satisfied, agencies must satisfy the elements of the pertinent privilege. With respect to the attorney work product privilege, agencies must show that the withheld information was created by or under the direction of an attorney as part of, or in reasonable anticipation of, litigation.

(b)(5)-1: ATTORNEY WORK PRODUCT

(51) In Exemption category (b)(5)-1, the FBI protected privileged attorney work product information. The attorney work product privilege protects tangible and intangible items, such as interviews, memoranda, correspondence, mental impressions, and personal beliefs prepared or developed by an attorney, or at the direction of an attorney, as part of or in reasonable anticipation of litigation. The privilege is predicated on the recognition that proper preparation of a case depends on an attorney's ability to assemble information, sort relevant from irrelevant facts, and prepare his or her legal theories and strategies without intrusive or needless scrutiny.

(52) In this case, the FBI relied on the attorney work product privilege to protect inter-agency documents created at the direction of an attorney in reasonable anticipation of litigation. Specifically, within the relevant sample, the FBI protected information contained within an FBI FD-302 interview form documenting the interview of a witness by an Assistant United States Attorney ("AUSA") and in the presence of FBI Special Agents concerning an FBI investigation. This information satisfies Exemption 5's threshold because these records were exchanged inter-agency (*i.e.,* between the FBI and Executive Office for United States Attorneys). Furthermore, these records qualify as attorney work products and readily satisfy the

elements of the attorney work product privilege because they were created at the direction of the AUSA involved in criminal litigation reasonably anticipated to arise from the FBI's investigation. The withheld information contains the specific terms agreed to by the witness's attorney and the AUSA. Release of this type of information would interfere with government attorneys' ability to properly prepare their legal theories and strategies and hinder them from providing the best possible representation of their client, the United States Government. Finally, because the attorney work product privilege protects both factual and deliberative material, segregation is not required; however, the FBI did release certain segregable material from the interview. Accordingly, the FBI properly withheld this information pursuant to Exemption 5.

**EXEMPTION 7 THRESHOLD**

(53) Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it must demonstrate that the records or information at issue were compiled for law enforcement purposes. Pursuant to 28 U.S.C. §§ 533 and 534, Executive Order 12333 as implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM), and 28 C.F.R. § 0.85, the FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to the national security, and to further the foreign intelligence objectives of the United States. Under this investigative authority, the responsive records at issue were compiled for the following specific law enforcement purposes.

(54) The records at issue were compiled in furtherance of the FBI's investigation of Leonard Peltier for the murder of two FBI Special Agents at the Pine Ridge Indian Reservation.

Considering these records were compiled to document the FBI's investigation of potential crimes and possible threats to the national security, the FBI determined they were compiled for a law enforcement purposes.

**FOIA EXEMPTIONS (b)(6) AND (b)(7)(C)**
**CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY**

(55) Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that applies to a particular person falls within the scope of Exemption 6.

(56) Exemption 7(C) similarly exempts from disclosure "records or information compiled for law enforcement purposes...[when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).[15]

(57) When withholding information pursuant to these two exemptions, the FBI is required to balance the privacy interests of the individuals mentioned in agency records against public interest in disclosure. In asserting these exemptions, each piece of information was scrutinized to determine the nature and strength of the privacy interest of every individual whose name or other identifying information appears in the records. For purposes of these exemptions, a public interest exists only when information about an individual, such as his or her name or

[15] The practice of the FBI is to assert Exemption 6 in conjunction with Exemption 7(C). Although the balancing test for Exemption 6 uses a "would constitute a clearly unwarranted invasion of personal privacy" standard and the test for Exemption 7(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions are sufficiently similar to warrant a consolidated discussion. The privacy interests are balanced against the public's interest in disclosure under both exemptions.

other identifying information,[16] would shed light on the FBI's performance of its mission to protect and defend the United States against terrorists and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide criminal justice services to federal, state, municipal, tribal, and international agencies and partners. In each instance wherein information was withheld pursuant to Exemptions 6 and 7(C), the FBI determined that the individual's privacy interest outweighs any public interest in disclosure.

(58) Furthermore, considering privacy concerns are typically obviated once an individual is deceased,[17] when processing FOIA requests, the FBI takes several steps to ascertain the current life or death status of the individuals whose names are withheld. The FBI uses the birth date and/or the date of the investigation to determine whether an individual is living or deceased, to the extent either piece of information is discernable from the file. The date of birth is used to apply the judicially-recognized[18] "100-year rule," i.e., if the individual was born more than 100 years from the date of the search, the FBI presumes that he or she is dead and the name or other identifying information is released (in the absence of withholding due to another exemption). The FBI also uses institutional knowledge gained from prior FOIA requests and FBI internal records. By using institutional knowledge, the FBI can assess with sufficient certainty the life or death status of certain individuals. If the FBI is unable to determine the life or death status of an individual through the use of these methods, the name and other identifying information of the individual is withheld pursuant to Exemptions 6 and 7(C), if disclosure would

---

[16] Hereafter, identifying information includes the following: dates of birth, places of birth, residences, telephone numbers, social security numbers, FBI numbers, and professional titles.

[17] In some circumstances, surviving relatives of a deceased individual retain privacy interest in the individual's information, even after his or her death. *See generally National Archives v. Favish*, 124 S. Ct. 1570 (2004).

[18] *See, e.g., Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 665 (D.C. Cir. 2003).

constitute an unwarranted invasion of the individual's privacy should they still be living and if no public interest would be served in releasing the name or other identifying information. It is the FBI's policy to release names of FBI officials in policy-making positions (generally, these are officials in the Senior Executive Service (SES)), as well as those individuals in public-facing positions, as they generally do not have privacy rights while acting in their official capacity. This policy applies to the individual's position held at the time of the record and not the present.

(b)(6)-1 AND (b)(7)(C)-1: NAMES AND OTHER IDENTIFYING INFORMATION OF FBI SPECIAL AGENTS AND PROFESSIONAL STAFF

(59) Within Exemption categories (b)(6)-1 and (b)(7)(C)-1, the FBI protected the names and other identifying information of FBI Special Agents ("SAs") and professional staff. In this case, the FBI SAs and professional staff were responsible for conducting, supervising, and maintaining the investigative and administrative activities related to the investigation of Leonard Peltier, reflected in the documents responsive to Plaintiff's request. Their responsibilities included but were not limited to the following: coordinating and completing tasks in support of the FBI's investigative and administrative functions, compiling information, conducting interviews, and reporting on the status of the investigation.

(60) Assignments of SAs to particular investigations are not by choice. Publicity, adverse or otherwise, arising from a particular investigation, may seriously prejudice their effectiveness in conducting investigations or in performing day-to-day work. The privacy consideration is also applied to protect FBI SAs, as individuals, from unnecessary, unofficial questioning as to investigations and investigative activities conducted therein, regardless of current employment with the FBI. FBI SAs conduct official inquiries into various criminal and national security violations. The publicity associated with the release of an SA's identity in connection with a particular investigation or investigative activity could trigger hostility toward

that SA. During an investigation, an SA may engage with all strata of society, conducting searches and making arrests, both of which result in reasonable but nonetheless serious disturbances to people and their lives. Persons targeted by such investigations or investigative activities, or those sympathetic to those targeted, could seek to inflict violence on an SA based on his or her participation in an investigation. This is because an individual targeted by law enforcement may carry a grudge against those involved with the investigation, which may last for years. These individuals may seek revenge on SAs and other federal employees involved in the investigation. There is no public interest served by disclosing an SA's identity because his or her identity would not, itself, significantly increase the public's understanding of the FBI's operations and activities. Thus, disclosure of this information would constitute a clearly unwarranted invasion of their personal privacy, and the FBI properly withheld this information pursuant to Exemptions 6 and 7(C).

(61) The FBI also withheld the names and other identifying information of FBI professional staff pursuant to Exemptions 6 and 7(C). These FBI professional staff members were assigned to handle tasks related to the investigation of Leonard Peltier. Similar to FBI SAs, these FBI employees could be targeted for reprisal based on their involvement in specific investigations. Furthermore, these FBI professional staff members were, and possibly are, in positions of access to information regarding official law enforcement investigations, and therefore could become targets of inquiries for unauthorized access to investigations if their identities were released. Thus, these individuals maintain substantial privacy interests in not having their identities disclosed. In contrast, the FBI concluded that no public interest would be served by disclosing the identities of the FBI professional staff members because their identities would not, themselves, significantly increase the public's understanding of the FBI's operations

and activities. Accordingly, after balancing these professional staff members' substantial privacy interests against the non-existent public interest, the FBI determined disclosure of their identities would constitute a clearly unwarranted invasion of their personal privacy. Therefore, the FBI properly withheld this information pursuant to Exemptions 6 and 7(C).

(b)(6)-2 AND (b)(7)(C)-2: NAMES AND OTHER IDENTIFYING INFORMATION OF THIRD PARTIES MERELY MENTIONED

(62) In Exemption categories (b)(6)-2 and (b)(7)(C)-2, the FBI protected the names and other identifying information of third parties merely mentioned in the investigative records responsive to Plaintiff's request. The FBI has information about these third parties in its files because these individuals were tangentially mentioned in conjunction with FBI investigative efforts. They were not of investigative interest to the FBI, and they maintain substantial and legitimate privacy interests in not having their information disclosed, particularly in connection with an FBI law enforcement matter. Considering the FBI is an investigative and intelligence agency, disclosure of the third parties' names or identifying information in connection with FBI records carries an extremely negative connotation. Disclosure of their identities would possibly subject these individuals to harassment and criticism and focus derogatory inferences and suspicion on them. After assessing their privacy interests, the FBI considered whether there any public interest existed that would override the privacy interests, and concluded that disclosing information about individuals who were merely mentioned in an FBI investigative file would not significantly increase the public's understanding of the operations and activities of the FBI. Accordingly, the FBI properly withheld this information pursuant to Exemptions 6 and 7(C).

(b)(6)-3 AND (b)(7)(C)-3: NAMES AND OTHER IDENTIFYING INFORMATION OF LOCAL LAW ENFORCEMENT PERSONNEL

(63) In Exemption categories (b)(6)-3 and (b)(7)(C)-3, the FBI protected the names and other identifying information of local law enforcement employees. These employees acted in their official capacities while aiding the FBI in law enforcement investigative activities reflected in the records responsive to Plaintiff's request. The rationale for protecting the identities of FBI SAs and professional staff discussed in ¶¶ 59-61, *supra*, applies equally to the protection of the names and other identifying information of local law enforcement employees. Release of the identities of these law enforcement employees could subject them as individuals to harassment that would invade their privacy and could cause them to be targeted for reprisal. In contrast, disclosure of this information would serve no public interest because it would not shed light on the operations and activities of the FBI. Accordingly, the FBI properly withheld this information pursuant to Exemptions 6 and 7(C).

(b)(6)-4 AND (b)(7)(C)-4: NAMES AND OTHER IDENTIFYING INFORMATION OF THIRD PARTIES WHO PROVIDED INFORMATION

(64) In Exemption categories (b)(6)-4 and (b)(7)(C)-4, the FBI protected the names and other identifying information of individuals who were interviewed by or provided information by other means to the FBI during its investigation of Leonard Peltier.

(65) The FBI has found information provided by individuals based on their personal knowledge is one of the most productive investigative tools. The largest obstacle to successfully obtaining such information critical to FBI investigations, through an interview or otherwise, is fear by the individual providing the information that his or her identity will be exposed. Such exposure, in conjunction with cooperation with law enforcement, could lead to harassment, intimidation by investigative subjects, legal or economic detriment, physical harm,

or death. To surmount the fear of reprisal and the resulting tendency to withhold information, persons who provide such information to the FBI must be assured that their name and other identifying information will be held in the strictest confidence. Thus, these individuals maintain substantial privacy interests in not having their identity disclosed. In contrast, the FBI could identify no public interest in the disclosure of this information because disclosure of these third parties' names or other identifying information would not shed light on or significantly increase the public's understanding of the operations and activities of the FBI. Furthermore, the continued access by the FBI to persons willing to honestly provide pertinent facts bearing upon a particular investigation far outweighs any benefit the public might derive from disclosure of the names of those who cooperate with the FBI. Accordingly, the FBI properly withheld this information pursuant to Exemptions 6 and 7(C). The FBI is also relying on Exemption 7(D) to protect this information in many instances as described below in paragraphs 74-77 and 81-83.

(b)(6)-5 AND (b)(7)(C)-5: NAMES AND OTHER IDENTIFYING INFORMATION OF THIRD PARTIES OF INVESTIGATIVE INTEREST

(66) In Exemption categories (b)(6)-5 and (b)(7)(C)-5, the FBI protected the names and other identifying information of third parties who were of investigative interest to the FBI in its investigation of Leonard Peltier. Being identified as a subject of FBI investigative interest carries a strong negative connotation and a stigma, regardless of whether an individual committed a crime. Release of the identities of these individuals to the public could subject them to harassment or embarrassment, as well as undue public attention. Furthermore, it could result in professional and social repercussions, due to resulting negative stigma. Accordingly, the FBI determined that these individuals maintain substantial privacy interests in not having their identity disclosed. In contrast, disclosing personal information about these individuals would not significantly increase the public's understanding of the FBI's operations and

activities. Thus, the FBI concluded that no public interest exists sufficient to override these individuals' substantial privacy interests. For these reasons, the FBI properly withheld this information pursuant to Exemptions 6 and 7(C).

**EXEMPTION 7(D) – CONFIDENTIAL SOURCE INFORMATION**

(67) Exemption 7(D) protects "records or information compiled for law enforcement purposes" when disclosure:

> could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D).

(68) Numerous confidential sources report to the FBI on a regular basis. They provide information under an express assurance of confidentiality and are "informants" within the common meaning of the term. Others are interviewed and provide information under an implied assurance of confidentiality (*i.e.,* under circumstances from which an assurance of confidentiality may be inferred). In either situation, these sources are considered to be confidential because they furnish information only with the understanding that their identity and the information provided (outside of its investigative use) will not be divulged outside the FBI. Information provided by these sources is often singular in nature and, if released, could reveal their identity. The FBI has learned through experience that sources assisting, cooperating with, and providing information to the FBI must be free to do so without fear of reprisal. The FBI has also learned that sources must be free to furnish information to the FBI with complete candor and without the understandable tendency to hedge or withhold information because of fear that their cooperation

with the FBI will be disclosed. Sources providing information to the FBI should be secure in the knowledge that their assistance and their identity will be held in confidence.

(69) The release of a source's identity would forever eliminate that source as a means of obtaining information. In addition, when the identity of one source is revealed, that revelation has a chilling effect on the activities and cooperation of other sources. Such a result undermines one of the FBI's most important means of collecting information and could thereby severely hamper law enforcement efforts to detect and apprehend individuals engaged in the violation of federal criminal law.

(b)(7)(D)-1: CONFIDENTIAL SOURCE FILE NUMBERS

(70) In Exemption category (b)(7)(D)-1, the FBI protected the confidential source file numbers of permanent confidential human sources ("CHSs") in its investigation of Leonard Peltier. Confidential source file numbers are administrative tools that facilitate the retrieval and storage of information supplied by CHSs. Similar in use to confidential source symbol numbers, these confidential source file numbers are assigned to CHSs who provide information to the FBI on a regular basis under an express assurance of confidentiality. Confidential source file numbers are unique to particular confidential sources. These numbers are typically recorded on investigative documents, whenever information provided by a CHS is memorialized. Therefore, investigative documents are usually annotated with the investigative file number relevant to the source's reporting and the source's assigned confidential source file number.

(71) Disclosure of a confidential source's file number could eventually result in the identification of a source because it would connect a source to the information provided. Release of confidential source file numbers along with the information provided would narrow

the possibilities of a source's true identity. This is especially true because, as stated above, each confidential source file number is assigned to only one CHS. The revelation of an individual CHS's identity would expose the CHS and his or her family to potential retaliation by those on whom they provided information, those sympathetic to the targets of the FBI's investigative efforts, or those suspicious of or hostile to law enforcement. Such retaliation could include defamation of the source's character among his or her peers and family; economic reprisal, such as deprivation of employment or business opportunities; violent threats aimed at instilling fear and doubt; and possibly violence itself from physical harm to murder. Globally, revealing a CHS's identity could dissuade current and future CHSs from cooperating with the FBI, and from providing the FBI critical, timely intelligence needed to prevent or investigate violations of federal law. Being able to provide a credible assurance of confidentiality and uphold such assurance, enables the FBI to recruit and maintain the cooperation of CHSs. Accordingly, the FBI properly withheld this information pursuant to Exemption 7(D).

(b)(7)(D)-2: CONFIDENTIAL SOURCE SYMBOL NUMBERS

(72) In Exemption category (b)(7)(D)-2, the FBI protected the permanent source symbol numbers given to FBI CHSs. The FBI assigns permanent source symbol numbers in sequential order to CHSs who report information to the FBI on a regular basis under an express assurance of confidentiality. In this case as in nearly every case, the FBI did not refer to the confidential sources by their true names. Instead, the sources were referred to only by their individually assigned permanent source symbol number to protect their identity. The FBI obtained information from confidential sources relevant to the investigation discussed within the records at issue as discussed above in paragraphs 74-77 and 81-83.

(73) If the FBI disclosed the CHS's confidential source symbol numbers, their

identity could be ascertained by persons knowledgeable of the particular investigation and the events and subjects involved. This is because these singular numbers are assigned to specific CHSs. Release of the numbers, within the context of certain events or in association with certain singular information, could enable subjects of the investigation or those familiar with the investigation to determine who could possibly have been present at certain events or could possibly have known different pieces of information. Once a source's identity is ascertained, the source, as well as his or her family, could be subjected to embarrassment, humiliation, or physical or mental harm. Moreover, the disclosure of a CHS's identity would likely portray the FBI as unwilling to protect its CHSs from exposure and as negligent in honoring its promise to keep CHS identities confidential. This could dissuade current and future CHSs with access to critical intelligence from cooperating with the FBI. The FBI has found that it is only with the understanding of complete confidentiality that the aid of sources can be enlisted, and only through this understanding that sources can be persuaded to continue to provide valuable assistance. Accordingly, as release of source symbol numbers could endanger current or past FBI CHSs and their families and could harm the FBI's ability to recruit and maintain CHSs, the FBI properly withheld this information pursuant to FOIA Exemption 7(D).

(b)(7)(D)-3: NAMES AND OTHER IDENTIFYING INFORMATION OF, AND INFORMATION PROVIDED BY, SOURCES UNDER AN EXPRESS ASSURANCE OF CONFIDENTIALITY

(74) Within Exemption category (b)(7)(D)-3, the FBI protected the names and identifying information of, and information provided by, sources under an express assurance of confidentiality. When processing the records at issue, the FBI found evidence these individuals, who provided specific and detailed information that is singular in nature, either requested their identity not be revealed or FBI investigators would have, by standard practice, expressly promised that their identity and the information they provided (outside of its investigative use)

would remain confidential.

(75) Providing an express assurance of confidentiality is essential to the FBI's ability to obtain relevant and accurate information from CHSs. Without such an assurance, those with access to information critical to FBI investigations may be reluctant to provide information or may modify their statements to lessen the severity of any backlash. Therefore, the FBI must provide them with a credible assurance of confidentiality to obtain factual, relevant, and timely information. Release of sources' identities or any singular information provided would also display an unwillingness by the FBI to honor its assurance of confidentiality. Therefore, releasing this information would have a lasting negative impact on the FBI's information program as it would greatly hinder the FBI's ability to recruit and maintain CHSs willing to provide accurate and relevant information pertaining to criminal activities.

(76) The FBI was able to determine that investigators in the records at issue granted certain individuals an express assurance of confidentiality because positive indicators were located that these individuals were official, established FBI sources. In some instances, the FBI located sources with source file numbers and source symbol numbers.[19] Official FBI sources have source files to house the information they provide during their work as a CHS, as described above in paragraphs 70-71. Thus, the existence of a source file number is evidence that the associated individual was or is an official established confidential source and received an express assurance of confidentiality. Other indications of official source status include notation of the word "protect" placed next to an individual's name or the use of a source symbol number, a tool used by FBI investigators to hide the identity of its formally established, confidential sources within FBI records, as described above in paragraphs 72-73.

---

[19] *See* ¶¶ 70-73 *supra* for further description of source file numbers and source symbol numbers.

(77) In sum, the FBI located evidence that certain individuals supplied information to the FBI with an express assurance that their name and identifying information, and the information provided (outside of its investigative use) would be held in confidence. Release of such information would endanger these sources and cause great detriment to the FBI's ability to recruit and maintain reliable sources. Thus, the FBI properly withheld this information pursuant to Exemption 7(D).

(b)(7)(D)-5: NAMES AND OTHER IDENTIFYING INFORMATION OF, AND INFORMATION PROVIDED BY, LOCAL LAW ENFORCEMENT AGENCIES

(78) Within Exemption category (b)(7)(D)-5, the FBI protected the names and other identifying information of, and information provided by, local law enforcement agencies under an express assurance of confidentiality. When processing the records at issue, the FBI found evidence that these individuals or the agencies they represent, requested their identity and the information provided (outside of its investigative use) be held in confidence.

(79) Within the responsive records, the FBI located positive indicators that local law enforcement personnel provided information under an express assurance of confidentiality. In some instances, the local law enforcement personnel have a notation of the word "protect" or phrase "protect by request" placed next to person's name. This is a clear indication that they provided information to the FBI with an expectation that their identity, the identity of their agency, and the information provided (outside of its investigative use) would be treated as confidential.

(80) The FBI relies heavily on assistance from its local law enforcement partners in conducting its law enforcement and intelligence-gathering functions. In order to maintain such cooperative relationships and the ability to receive critical information, the FBI must honor requests by these agencies and their personnel for confidentiality. If the FBI ignored requests

for confidentiality from or neglected its own assurance of confidentiality to these agencies and their personnel, they would be less likely to share information with the FBI, which, in turn, could harm the FBI's ability to seek support or assistance from these agencies during joint investigations. Thus, release of the identity of local law enforcement agencies, the identity of local law enforcement personnel, or the information (outside of its investigative use) provided in confidence could greatly harm the FBI's effectiveness in preventing or investigating violations of federal law. Therefore, the FBI properly withheld this information pursuant to Exemption 7(D).

(b)(7)(D)-6: NAMES AND OTHER IDENTIFYING INFORMATION OF, AND INFORMATION PROVIDED BY, INDIVIDUALS UNDER AN IMPLIED ASSURANCE OF CONFIDENTIALITY

(81) In Exemption category (b)(7)(D)-6, the FBI protected the names and other identifying information of, and information provided by, individuals under circumstances in which confidentiality can be inferred. In the records at issue, these individuals provided information concerning the activities of subjects of investigative interest to the FBI. Considering: (1) the singularity of the information provided and the likelihood these individuals could be identified through release of the information by those familiar with the events described; (2) the proximity of the individuals to the investigative subjects and events they described; and (3) the nature of the criminal acts they described, the FBI inferred that these individuals provided information to the FBI only because they believed their cooperation with the FBI, and the information provided (outside of its investigative use) would remain confidential.

(82) In the records at issue, the FBI protected the identifying information of and information provided by individuals who conveyed critical information regarding criminal acts. These individuals were in a position to have ready access to and knowledge about investigative

targets and others involved in the murder of two FBI Special Agents. Such access exposed them to potentially significant harm should their association and cooperation with the FBI be publicly disclosed. One reason they risked harm when cooperating is because they were within the orbit of suspected violent criminals, and such criminals (in the FBI's experience) typically seek to prevent cooperation with law enforcement through reprisal. Such reprisal can take many forms, including defamation of an individual's character among his or her peers and family; economic reprisal, such as deprivation of employment or business opportunities; violent threats aimed at instilling fear and doubt; and possibly violence itself from physical harm to murder. Considering these criminals already displayed or were believed to have displayed a propensity toward violence, these individuals likely feared violent reprisal. Furthermore, harm could result simply from the fact they cooperated with law enforcement. Some individuals and communities are suspicious of law enforcement and see cooperation with law enforcement as a betrayal of trust among peers. Thus, these individuals also risked alienation by friends and within their community when they decided to provide information to the FBI. Even amid these potential harms, these individuals provided specific, detailed information that was singular in nature, *i.e.,* only a few individuals would be privy to such information. Thus, the FBI determined disclosure of the identity of these individuals and the information provided (outside of its investigative use) could subject them, as well as their family, to retaliation or backlash should this information be disclosed.

(83) Considering these circumstances, it is reasonable to infer that these individuals cooperated with the FBI because they expected their identity and the information provided (outside of its investigative use) would be held in confidence. Therefore, the FBI properly withheld this information pursuant to Exemption 7(D).

(b)(7)(D)-4 AND (b)(7)(D)-7: IDENTIFYING INFORMATION OF AND INFORMATION PROVIDED BY FOREIGN GOVERNMENT AGENCIES UNDER AN EXPRESS ASSURANCE OF CONFIDENTIALITY

(84) Within Exemption category (b)(7)(D)-7, the FBI protected the identity of foreign government agencies, identifying information of foreign government agency personnel, and information provided by foreign government agencies that assisted the FBI in conducting its law enforcement and intelligence-gathering functions.

(85) When processing the records at issue, the FBI found evidence that the personnel in foreign government agencies requested that its identity, the identity of the agency, and the information provided (outside of its investigative use) be held in confidence. The FBI has a long-standing agreement with many foreign government agencies stating that it will keep confidential information provided by the agency (to the extent possible), as well as the identities of the agencies and their staff.

(86) The FBI relies heavily on assistance from its foreign government partners. In order to maintain such cooperative relationships and the ability to receive critical information, the FBI must protect the agencies' identities. If the FBI ignored requests for confidentiality from or neglected its own assurance of confidentiality to these agencies and their personnel, they would be less likely to share information with the FBI, which, in turn, could harm the FBI's ability to seek support or assistance from these agencies during joint investigations. Thus, release of the identity of foreign government agencies, the identity of foreign government agency personnel, or the information (outside of its investigative use) provided in confidence could greatly harm the FBI's effectiveness in preventing or investigating violations of federal law. Therefore, the FBI properly withheld this information pursuant to FOIA Exemption 7(D).

**EXEMPTION (b)(7)(E)**
**INVESTIGATIVE TECHNIQUES AND PROCEDURES**

(87) Exemption 7(E) protects "records or information compiled for law enforcement purposes" that:

> would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

5 U.S.C. § 552(b)(7)(E).

(88) Within the records responsive to Plaintiff's request, the FBI applied Exemption (b)(7)(E) to protect non-public investigative techniques and procedures utilized by the FBI to conduct its law enforcement function, and to protect non-public details about techniques and procedures that are otherwise known to the public. Specifically, the FBI asserted Exemption 7(E) to protect the following categories of information.

(b)(7)(E)-1: SENSITIVE INVESTIGATIVE FILE NUMBERS

(89) In Exemption category (b)(7)(E)-1, the FBI protected sensitive, non-public investigative file numbers in the records responsive to Plaintiff's request pertaining to the investigation of Leonard Peltier. The FBI determined that this exemption is appropriate for protecting these file numbers as the release of certain file numbers would identify the investigative interest or priority given to certain types of investigations and certain investigations.

(90) As described above in paragraph 21, FBI file numbers (or UCFNs) contain three separate portions. The first portion of a file number consists of the file classification number, which indicates the type of investigative or intelligence gathering program to which the investigation pertains. Many of the FBI's classification numbers are known to the public, which makes disclosure of the non-public classification numbers even more telling. For example,

revealing the FBI has a money laundering investigative file on a subject who was only known to be investigated for crimes related to public corruption, would reveal key non-public information about the investigation. Additionally, releasing non-public FBI file classification numbers would reveal critical information about non-public investigative techniques and procedures, and provide criminals and foreign adversaries with the ability to discern the types of highly sensitive investigative strategies the FBI pursues whenever such file classification numbers are present.

(91) The protected investigative file numbers also contain the second component of a UCFN, the two-letter office of origin code, indicating which FBI field office or legat initiated the investigation. Providing this information, in many instances, would provide critical information about where and how the FBI detected particular criminal behavior or national security threats, and reveal key pieces about the FBI's non-public investigations or intelligence or evidence gathering sources and methods. Revealing this information could also risk disclosing non-public FBI investigations or intelligence-gathering initiatives by revealing interests in a field office's or legat's area of responsibility. Releasing this information could also provide significant information about the FBI's failure to detect certain types of criminal behavior. For example, a criminal operating out of San Francisco, California, with ties to a criminal organization under investigation in the FBI's Seattle Field Office, could request the FBI's Seattle Field Office's investigative file. If the FBI discloses all the originating office codes in that investigative file and there was no indication the FBI ever pursued an investigation in San Francisco, the criminal could reasonably assume the FBI failed to locate evidence of his or her wrongdoing, emboldening him or her to continue illegal activities, undeterred.

(92) The third portion of the UCFN is the assigned string of numbers for the particular subject matter under investigation. Releasing these singular file numbers would provide

criminals and foreign adversaries with a tracking mechanism by which they can place particular files, and thus, investigations, within the context of larger FBI investigative efforts. The release of all three components of sensitive, non-public investigative file numbers would provide criminal and foreign adversaries with an idea of how FBI investigations may be interrelated and, potentially, when, why, and how the FBI pursues or pursued different investigations. This would provide criminals and foreign adversaries with a means of judging where the FBI allocates its limited investigative resources, how the FBI responds to different investigative circumstances, what the FBI knows and when and how it obtained the knowledge, and if there are knowledge gaps in the FBI's gathered evidence or intelligence.

(93) In summary, releasing sensitive, non-public FBI investigative file numbers would allow criminals and foreign adversaries to obtain an exceptional understanding of where, who, what and how the FBI investigates certain violations of federal law. Release of this information would enable criminals and foreign adversaries to predict actions the FBI make take in certain types of investigations and they may structure their behavior in response to avoid detection or disruption by the FBI, enabling them to circumvent the law. Accordingly, the FBI properly withheld this information pursuant to Exemption 7(E).

### (b)(7)(E)-2: COLLECTION AND ANALYSIS OF INFORMATION INCLUDING DATABASE INFORMATION AND SEARCH RESULTS

(94) In Exemption category (b)(7)(E)-2, the FBI protected methods it used to collect and analyze information obtained for investigative purposes, including the identity of the database, the scope of retrievable information, and results within the particular context of the investigation of Leonard Peltier. The release of this information would disclose the identity of specific methods used to collect and analyze information, including how and from where the FBI collects information and how that information is analyzed. Such disclosures would enable

subjects of FBI investigations to circumvent these and similar methods, thus diminishing their usefulness. This, in turn, would facilitate the ability of investigative subjects to accumulate information regarding the circumstances under which specific methods were used and the usefulness of the information obtained. Release of this type of information would enable criminals to educate themselves about the methods employed to collect and analyze information and therefore allow them to take countermeasures to circumvent these methods and to continue to engage in violations of federal law. Accordingly, the FBI properly withheld this information pursuant to FOIA Exemption 7(E).

(95) Additionally, the FBI protected the identity of a sensitive investigative database and database search results located through queries of the database. Releasing the identity of the database or information located through queries of the database would give criminals and foreign adversaries insight into the available tools and resources the FBI uses to conduct criminal and national security investigations (*i.e.,* the scope of information stored within the database, how the FBI uses the database to support investigations, the types of information most valued by the FBI for particular investigations, and vulnerabilities of the database).

(96) Revealing the identity of the database in the context of a specific FBI investigation, or the information generated through queries thereof, would not only reveal the nature of the database's utility to FBI investigators and the scope of information stored therein, as stated above, by would also reveal key information about FBI investigative strategies. This is because different investigative databases contain varying datasets and revealing the types of data sought by investigators in particular investigative circumstances would reveal the FBI strategies employed in response to these different investigative circumstances. Additionally, disclosing the search results for a particular subject would provide criminals and foreign

adversaries with an understanding of the scope of FBI collected intelligence on particular subjects. It would expose possible intelligence gaps and intelligence-gathering strengths. This, in turn, could allow criminals and foreign adversaries to make informed decisions about how to structure their behavior to exploit these strengths and weaknesses and avoid detection or disruption by the FBI.

(97) Finally, revealing the identity of the database could jeopardize the FBI's investigative function by revealing exactly where the FBI stores and from where it obtains valuable investigative data. Knowing the database name makes the original source data an attractive target for compromise. It would provide criminals who gain access to FBI systems with an idea of where they can go to discover what the FBI knows and how it gathered the information, and thus, possible information regarding the FBI's investigative strategies. It would also offer these criminals the opportunity to corrupt or destroy information stored within the database.

(98) In summary, release of this information could impede the FBI's effectiveness and potentially aid in circumvention of valuable investigative techniques. Therefore, the FBI properly withheld this information pursuant to Exemption 7(E).

(b)(7)(E)-3: SURVEILLANCE TECHNIQUES

(99) In Exemption category (b)(7)(E)-3, the FBI protected information concerning the targets, locations, and types of devices utilized in surveillance operations conducted by the FBI in relation to the investigation at issue in the records responsive to Plaintiff's request. The FBI utilized surveillance operations to obtain investigative intelligence relevant to the investigation of Leonard Peltier. The law enforcement techniques used to conduct the surveillance operations are the same techniques utilized by the FBI in current criminal and national security

investigations. Certainly, it is publicly known that the FBI and other law enforcement agencies engage in different types of surveillance in investigations. However, disclosure of non-public details about who, when, how, and under what circumstances the FBI conducts surveillance would allow current and future subjects of FBI investigations and others to develop and utilize countermeasures to defeat or avoid different types of surveillance, thus rendering the techniques useless to the FBI and other law enforcement agencies. This is especially true because the success of surveillance operations hinges on an investigator's ability to remain undetected. Revealing non-public details about the FBI's techniques used to conduct surveillance could potentially jeopardize the FBI's ability to surveil at all. Accordingly, the FBI properly withheld this information pursuant to Exemption 7(E).

(b)(7)(E)-4: MONETARY PAYMENTS

(100) In Exemption category (b)(7)(E)-4, the FBI protected monetary amounts requested by FBI personnel and paid by the FBI to implement particular investigative techniques in the investigation of Leonard Peltier. The FBI has limited resources that it must allocate strategically to effectively pursue its law enforcement and intelligence-gathering functions. Revealing the amounts of money the FBI paid or plans to pay to implement certain investigative techniques would reveal the FBI's level of focus on certain types of law enforcement or intelligence-gathering efforts. Revealing this level of focus would reveal how the FBI plans to allocate its limited resources and essentially paint a picture of where the FBI's strengths and weaknesses lie within the spectrum of illegal activities it is mandated to investigate. Releasing this information would give criminals the opportunity to structure their activities in a manner that avoids the FBI's strengths and exploits its weaknesses. Accordingly, the FBI properly withheld this information pursuant to Exemption 7(E).

## SEGREGABILITY

(101) As discussed in ¶ 4, *supra*, the FBI processed a total of 5,253 responsive pages. Subsequently, the parties agreed the FBI would select a sample set of 500 pages from randomly selected processed documents containing withheld material. The sample set consists of 342 RIP pages and 158 WIF pages. Each of these categories is discussed below to further address segregability.

a. Pages RIP. Following its segregability review, RIDS determined that 342 pages could be released in part with redactions per the identified FOIA exemptions herein. These pages comprise a mix of information that could be segregated for release and information that was withheld as release would trigger foreseeable harm to one or more interests protected by the cited FOIA exemptions.

b. Pages WIF. Following its segregability review, RIDS determined that 158 pages required withholding in their entirety. RIDS determined that all the information on these pages was either fully covered by one or more of the cited FOIA exemptions or any non-exempt information on these pages was so intertwined with exempt information that no information could be reasonably segregated for release. Any further segregation of the intertwined information would employ finite resources only to produce disjointed words, phrases, or sentences, that taken separately or together, would have minimal or no informational content.

## CONCLUSION

(102) The FBI performed adequate and reasonable searches for responsive records and processed all such records and released all reasonably segregable non-exempt information from records responsive to Plaintiff's FOIA request. Information was properly withheld pursuant to

FOIA Exemptions 3, 5, 6, 7(C), 7(D), and 7(E). The FBI carefully examined the records and determined the information withheld from Plaintiff, if disclosed, would reveal statutorily protected information; would reveal privileged information; would cause a clearly unwarranted invasion of the personal privacy, or could reasonably be expected to constitute an unwarranted invasion of personal privacy; could reasonably be expected to disclose the identities of confidential sources and the information they provided; or would disclose techniques and procedures for law enforcement investigations. After extensive review of the records at issue, the FBI determined that there is no further non-exempt information that can be reasonably segregated and released without revealing exempt information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through N attached hereto are true and correct copies.

Executed this 30th day of April 2021.

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JAMES PICKERING,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 1:19-CV-00001-LGF |

# **Exhibit A**

February 17, 2018

**Freedom of Information and Privacy Acts Request:**

**To:** Initial Processing
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22601

This letter constitutes my formal request under the Freedom of Information and Privacy Acts (5 U.S.C. §552/552a) and the regulations promulgated thereunder. Please analyze the requested material under both 5 U.S.C. §552 and 5 U.S.C. §552a in order to produce the maximum number of results.

**Requester Information:**

Leslie James Pickering
356 Fargo Avenue
Buffalo, NY 14213

**Records Sought:**

I request disclosure of any and all records that were prepared, received, transmitted, collected and/or maintained by the Federal Bureau of Investigation (FBI), the Terrorist Screening Center, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to ***Leonard Peltier***.

This request specifically includes, but is not limited to, the following records:

Any and all communications between your agency and the late Gerald W. Heaney, who sat on the United States Court of Appeals for the Eighth Circuit, concerning Leonard Peltier.

Any and all communications between your agency and William H. Webster, former Director of the FBI and CIA, who also sat on the United States Court of Appeals for the Eighth Circuit, concerning Leonard Peltier.

Any and all communications between your agency and the Office of the Pardon Attorney concerning Leonard Peltier.

Any and all communications between your agency and President Barack H. Obama concerning Leonard Peltier.

Any and all communications between your agency and the United States Parole Commission concerning Leonard Peltier.

FEB 22 2018

Any and all communications between your agency and the Hearing Officer who presided over Mr. Peltier's July 28, 2009 parole hearing.

Any and all communications between your agency and Edward P. "Ed" Woods, retired FBI Special Agent, who runs the anti-Peltier blog, No Parole Peltier Association (NPPA), www.noparolepeltier.com, concerning Leonard Peltier.

Any and all communications between your agency and Joseph H. Trimbach, retired FBI Special Agent in Charge, and his son, John M. Trimbach, concerning Leonard Peltier. The Trimbachs are the authors of ***American Indian Mafia: An FBI Agent's True Story About Wounded Knee, Leonard Peltier and the American Indian Movement (AIM).***

A Certification of Identity Form (DOJ-361) dated January 28, 2018 from Mr. Peltier is attached.

**Request for FBI Headquarters, Field Office, and Task Force Office Searches:**

I request that a complete and thorough search for any and all records relating or referring to the subject of my request be conducted in any and all indices, filing systems, and locations maintained by FBI Headquarters, any and all FBI field offices and/or resident agencies, and any and all FBI and/or Joint Task Force offices.

**Request for Main File and Cross-Reference Searches:**

I request that a search of all main file ***and cross-reference*** indices, filing systems, and locations be conducted for any and all records relating or referring to the subject of my request.

**Instructions Regarding "Leads":**

As required by the relevant case law, the FBI is required to follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records may be located in another FBI system. Failure to follow clear leads is a violation of FOIA.

**Request for Text Searches of the ECF:**

For both main file and cross-reference searches, I request that text searches of the ECF (Electronic Case File) be conducted.[1]

[1] As stated by FBI Record/Information Dissemination Section Chief, David M. Hardy, in his 31 January 2013 Declaration to the U. S. District Court for the District of Columbia (Case 1:12-cv-01660-RMC), "Because the decision to index names in a specific document can vary from document to document, the text search [of the ECF] provide[s] a more comprehensive search of the CRS."

**Request for ELSUR, MISUR, and FISUR Searches:**

For both main file and cross-reference searches, I request that searches of all electronic, microphone, and physical surveillance indices, filing systems, and locations for any and all records *relating* or *referring* to the subject of my request be conducted.

Please search field office ELSUR records for "overhears" that might refer to ***Leonard Peltier***.

**Request for Searches of Laboratory Records:**

For both main file and cross-reference searches, I request that searches of all laboratory indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted. My request includes, but is not limited to, searches for laboratory records.

**Request for Searches of the FBI's "Bureau Mailing Lists" records system:**

For both main file and cross-reference searches, I request that searches of the FBI's "Bureau Mailing lists" records system for any and all records relating or referring to the subject of my request be conducted.

**Request regarding Photographs and other Visual Materials:**

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the FBI maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

**Instructions regarding Scope and Breadth of Requests:**

Please interpret the scope of this request broadly. The FBI is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.

**Additionally:**

Please produce all records with administrative markings and pagination included. Please place any "missing" files pertaining to this request on "special locate" and advise me that you have done this.

Please send a memo (copy to me) to the appropriate units in your office to assure that no records related to this request are destroyed. Please advise of any destruction of records and include the date of and authority for such destruction.

**Format:**

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

**Payment:**

I am willing to pay any reasonable expenses associated with this request, however, as I am a non-commercial requester, I request to be placed in the "other" category. I have no commercial interest in the information sought.

Please do not hesitate to contact me if you have any questions concerning this request.

Thank you.

Leslie James Pickering

Enclosure

**U.S Department of Justice**

# Certification of Identity

FORM APPROVED OMB NO.
1103-0016 EXPIRES 05/31/2020

---

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] LEONARD Peltier / Leonard Peltier

Citizenship Status [2] Yes Social Security Number [3] [redacted] FRCP 5.2

Current Address USP Coleman 1 Florida

Date of Birth [redacted] FRCP 5.2 Place of Birth Grand Forks No. DAK.

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Leslie James Pickering

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [4] Leonard Peltier **Date** 1/28/2018

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 1:19-CV-00001-LGF

# Exhibit B

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

February 26, 2018

MS. LESLIE JAMES PICKERING
356 FARGO AVENUE
BUFFALO, NY 14213

FOIPA Request No.: 1396731-000
Subject: PELTIER, LEONARD

Dear Ms. Pickering:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI. Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes. Please read each one carefully.

- ☑ Your request has been received at FBI Headquarters for processing.
- ☐ Your request has been received at the ______ Resident Agency / _______ Field Office and forwarded to FBI Headquarters for processing.
- ☐ The subject of your request is currently being processed and documents will be released to you upon completion.
- ☐ Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.
- ☐ Your request for a public interest fee waiver is under consideration, and you will be advised of the decision at a later date. If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.
- ☑ For the purpose of assessing any fees, we have determined:
  - ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).
  - ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).
  - ☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JAMES PICKERING,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 1:19-CV-00001-LGF |

# **Exhibit C**

JMB

Failure?

356 Fargo Avenue
Buffalo, NY 14213
May 3, 2018

Ms. Melanie Ann Pustay, Director
Office of Information Policy
U. S. Department of Justice
1425 New York Avenue, N. W., Suite 11050
Washington, D. C. 20530-0001

RECEIVED
MAY 10 2018
Office of Information Policy

**RE: FREEDOM OF INFORMATION ACT APPEAL**

Dear Ms. Pustay:

This is an appeal pursuant to subsection (a) (6) of the Freedom of Information Act (FOIA), as amended (5 USC §552).

By letter dated February 26, 2018, Mr. David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, Federal Bureau of Investigation (FBI), advised me that my FOIA request of February 17, 2018 for records pertaining to Leonard Peltier had been received at FBI Headquarters for processing. See FOIPA Request No. 1396731-000.

As you know, FOIA provides that an agency must make an initial determination of whether to comply with a FOIA request within 20 working days of receiving the request. The FBI has had more than a reasonable amount of time to locate and process the requested records. Consequently, I am treating the failure of the FBI to comply with my FOIA request within the time parameters set forth in the statute as a denial. This letter constitutes a formal appeal of that denial.

As provided in FOIA, I will expect to receive a reply to this administrative appeal letter within 20 working days.

Yours truly,

Leslie James Pickering

15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JAMES PICKERING,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 1:19-CV-00001-LGF |

# **Exhibit D**

1425 New York Avenue N.W.
Suite 11050
Washington, DC 20005

Leslie J. Pickering
356 Fargo Avenue
Buffalo, NY 14213

May 21, 2018

Dear Mr. Leslie J. Pickering,

This is to advise you that your administrative appeal from the action of the FBI regarding Request No. 1396731 was received by the Office of Information Policy (OIP) of the U.S. Department of Justice on 05/10/2018.

OIP has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2018-005478. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

PRISCILLA JONES

Digitally signed by PRISCILLA JONES
Date: 2018.05.23 15:23:25 -04'00'

Priscilla Jones

Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 1:19-CV-00001-LGF

# **Exhibit E**

**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. Leslie James Pickering
356 Fargo Avenue
Buffalo, NY 14213

Re: Appeal No. DOJ-AP-2018-005478
Request No. 1396731
SRO:JMB

**VIA: U.S. Mail**

Dear Mr. Pickering:

By letter dated May 3, 2018, you attempted to appeal from the failure of the Federal Bureau of Investigation to respond to your Freedom of Information Act request for access to records concerning Leonard Peltier. I have construed your appeal to concern the FBI's failure to provide records responsive to your request.

Department of Justice regulations provide for an administrative appeal to the Office of Information Policy only after there has been an adverse determination by a component. See 28 C.F.R. § 16.8(a) (2017). As no adverse determination has yet been made by the FBI, there is no action for this Office to consider on appeal.

As you may know, the FOIA authorizes requesters to file a lawsuit when an agency takes longer than the statutory time period to respond. See 5 U.S.C. § 552(a)(6)(C)(i). However, I can assure you that this Office has contacted the FBI and has determined that your request is currently being processed. If you are dissatisfied with the FBI's final response, you may appeal again to this Office.

This Office has forwarded a copy of your letter to the FBI. You should contact the FBI's Requester Service Center at 540-868-1535 for further updates regarding the status of your request.

If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

6/1/2018

X

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: OIP

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 1:19-CV-00001-LGF

# **Exhibit F**

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 5, 2018

MR. LESLIE JAMES PICKERING
356 FARGO AVENUE
BUFFALO, NY 14213

FOIPA Request No.: 1396731-000
Subject: PELTIER, LEONARD

Dear Mr. Pickering:

This is in reference to your Freedom of Information Act (FOIA) request.

The Federal Bureau of Investigation (FBI) has located approximately 6,020 pages of records potentially responsive to the subject of your request. By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00. Below you will find check boxes and informational paragraphs about your request. Please read each one carefully.

Please be advised that you are entitled to the first 100 pages free of charge. If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

☑ If all potentially responsive pages are released on CD, you will owe $190.00 in duplication fees (13 CDs at $15.00 each, less $5.00 credit for the first CD). Releases are made on CD unless otherwise requested. Each CD contains approximately 500 reviewed pages per release. The 500 page estimate is based on our business practice of processing complex cases in segments.

Should you request that the release be made in paper, you will owe $296.00 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

☐ You submitted your request via the FBI's eFOIPA system. Releases will be made to you electronically, and you will owe $_____ in duplication fees (____ releases at $15.00 each, less $5.00 credit for the first release).

☐ The FBI's eFOIPA system cannot transmit digital media files, and they will need to be released on CD. The FBI located audio and video files that are potentially responsive to the subject of your request. If all of the potentially-responsive media is released, you will owe $_______ (__ CDs at $15.00 each, less $5.00 credit for the first CD).

☐ CDs will not be sent to a correctional institution. You will only qualify for CD releases if an alternate address is provided.

☐ You will owe approximately $___ in international shipping fees.

**The estimated total cost for processing your request is approximately $190.00 for CD releases or $296.00 for paper releases.**

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s). Also, some information may not be responsive to your subject. Thus, the actual charges could be less.

**Requester Response**

**No payment is required at this time. You must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD) unless your request qualifies for eFOIPA releases. You must also indicate your preference in the handling of your request in reference to the estimated duplication fees from the following four (4) options:**

☐ I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

☐ I am willing to pay fees of a different amount.

**Please specify amount:** ______

☐ Provide me 100 pages or the cost equivalent ($5.00) free of charge. If applicable, I am willing to pay International shipping fees.

☐ Cancel my request.

**If we do not receive your duplication format decision and/or estimated duplication fee selection within thirty (30) days of the date of this notification, your request will be closed. Include the FOIPA Request Number listed above in any communication regarding this matter**.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA). See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue. This may also reduce search and duplication costs and allow for a more timely receipt of your information. The FBI uses a multi-queue processing system to fairly assign and process new requests. Simple request queue cases (50 pages or less) usually require the least time to process.

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above. Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time. Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Information Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**. You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

For questions regarding our determinations, visit the www.fbi.gov/foia website under “Contact Us.” The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked “Freedom of Information Act Appeal.” Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI’s FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state “Dispute Resolution Services.” Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JAMES PICKERING,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 1:19-CV-00001-LGF |

# **Exhibit G**

MICHAEL KUZMA
Attorney at Law

July 18, 2018

Work Process Unit
Record Information/Dissemination Section
Information Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602

***Re: FOIPA Request No. 1396731-000***

Dear Sir or Madam:

I represent Mr. Leslie James Pickering. In regard to your letter dated July 5, 2018, Mr. Pickering will pay $190 for CD releases. On what date will the 6,020 pages of records potentially responsive to Mr. Pickering's FOIA request be released?

I look forward to hearing from you at your earliest possible convenience.

Thank you.

Yours truly,

Michael Kuzma, Esq.

1893 Clinton Street, Buffalo, NY 14206 (716) 822-7645

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JAMES PICKERING,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 1:19-CV-00001-LGF |

# **Exhibit H**

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

July 31, 2018

MR. LESLIE JAMES PICKERING
356 FARGO AVENUE
BUFFALO, NY 14213

FOIPA Request No.: 1396731-000
Subject: PELTIER, LEONARD

Dear Mr. Pickering:

Reference is made to your Freedom of Information/Privacy Acts (FOIPA) request for FBI records concerning Leonard Peltier. You were notified by letter dated July 5, 2018 that the FBI located approximately 6,020 pages of potentially responsive documents. Requests are processed in the order in which they are received through our multi-track processing system, and the FBI receives a voluminous amount of requests on a daily, weekly, monthly, and annual basis.

Requests are divided into two primary tracks--simple (under 50 pages of potentially responsive documents) and complex (over 50 pages of potentially responsive documents). Complex requests are further divided into medium (51-950 pages), large (951-8000 pages), and extra-large (over 8000 pages) sub-tracks based upon request size.

Simple track requests typically require the least amount of time to process. The more potentially responsive pages a request has, the more complex it becomes, greatly increasing the time required for processing. Generally, the larger the file, the longer it takes to process.

A review of your request determined it is currently in the large track. The FBI contacts requesters with requests of this size to see if there might be a way to possibly narrow the scope. If this is something you are willing to consider, please contact my representative either by email at fbi.foipa.negotiation@fbi.gov or by telephone at 540-868-1695 within 30 days of the date of this letter.

Sincerely,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JAMES PICKERING,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 1:19-CV-00001-LGF |

# **<u>Exhibit I</u>**

RB

356 Fargo Avenue
Buffalo, NY 14213
October 10, 2018

Failure

Ms. Melanie Ann Pustay, Director
Office of Information Policy
U. S. Department of Justice
1425 New York Avenue, N. W., Suite 11050
Washington, D. C. 20530-0001

RECEIVED
OCT 23 2018
Office of Information Policy

**RE: FREEDOM OF INFORMATION ACT APPEAL**

Dear Ms. Pustay:

This is an appeal pursuant to subsection (a) (6) of the Freedom of Information Act (FOIA), as amended (5 USC §552).

By letter dated February 26, 2018, Mr. David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, Federal Bureau of Investigation (FBI), advised me that my FOIA request of February 17, 2018 for records pertaining to Leonard Peltier had been received at FBI Headquarters for processing. See FOIPA Request No. 1396731-000.

By letter dated July 5, 2018, the FBI advised me that there were 6,020 pages of records potentially responsive to my FOIA request and the cost of CD releases would amount to $190.

By letter dated July 18, 2018, my attorney advised the FBI that I was willing to pay $190 for CD releases. To date, the FBI has yet to release the 6,020 pages of records potentially responsive to my FOIA request.

By letter dated July 31, 2018, the FBI advised me, among other things, that FOIA requests are processed in the order in which they are received.

As you know, FOIA provides that an agency must make an initial determination of whether to comply with a FOIA request within 20 working days of receiving the request. The FBI has had more than a reasonable amount of time to locate and process the requested records. Consequently, I am treating the failure of the FBI to comply with my FOIA request within the time parameters set forth in the statute as a denial. This letter constitutes a formal appeal of that denial.

As provided in FOIA, I will expect to receive a reply to this administrative appeal letter within 20 working days.

Yours truly,

Leslie James Pickering

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JAMES PICKERING,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 1:19-CV-00001-LGF |

# **Exhibit J**

10/30/2018

Mr. Leslie James Pickering
356 Fargo Avenue
Buffalo, NY 14213

Dear Mr. Pickering,

This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation regarding Request No. 1396731 was received by the Office of Information Policy (OIP) of the U.S. Department of Justice on 10/23/2018.

OIP has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2019-000539. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

Priscilla Jones

Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 1:19-CV-00001-LGF

# **<u>Exhibit K</u>**

**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. Leslie James Pickering
356 Fargo Avenue
Buffalo, NY 14213

Re: Appeal No. DOJ-AP-2019-000539
Request No. 1396731
SRO:RNB

**VIA: U.S. Mail**

Dear Mr. Pickering:

You attempted to appeal from the failure of the Federal Bureau of Investigation to respond to your Freedom of Information Act request for access to records concerning Leonard Peltier. I note that your appeal concerns the FBI's failure to provide records responsive to your request. Please note that this Office was closed due to a lapse in funding appropriations between December 22, 2018 and January 25, 2019, which resulted in a delay in responding to your appeal.

Department of Justice regulations provide for an administrative appeal to the Office of Information Policy only after there has been an adverse determination by a component. See 28 C.F.R. § 16.8(a) (2018). As no adverse determination has yet been made by the FBI, there is no action for this Office to consider on appeal.

As you may know, the FOIA authorizes requesters to file a lawsuit when an agency takes longer than the statutory time period to respond. See 5 U.S.C. § 552(a)(6)(C)(i). However, I can assure you that this Office has determined that your request is currently being processed. If you are dissatisfied with the FBI's final response, you may appeal again to this Office.

This Office has forwarded a copy of your letter to the FBI. You should contact the FBI's Requester Service Center at 540-868-1535 for further updates regarding the status of your request.

If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

2/6/2019

X [signature]

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: SEAN O'NEILL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JAMES PICKERING,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 1:19-CV-00001-LGF |

# **Exhibit L**

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 6, 2019

MS. LESLIE JAMES PICKERING
356 FARGO AVENUE
BUFFALO, NY 14213

FOIPA Request No.: 1396731-000
Subject: PELTIER, LEONARD

Dear Ms. Pickering:

By letter dated July 5, 2018, you were informed of approximate fees associated with your Freedom of Information/Privacy Acts (FOIPA) request. This letter is being sent as a modification to the previous correspondence.

The Federal Bureau of Investigation (FBI) has located approximately 4,760 pages of records potentially responsive to the subject of your request. By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00. Below you will find check boxes and informational paragraphs about your request. Please read each one carefully.

Please be advised that you are entitled to the first 100 pages free of charge. If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

- [x] If all potentially responsive pages are released on CD, you will owe $145.00 in duplication fees (10 CDs at $15.00 each, less $5.00 credit for the first CD). Releases are made on CD unless otherwise requested. Each CD contains approximately 500 reviewed pages per release. The 500 page estimate is based on our business practice of processing complex cases in segments.

  Should you request that the release be made in paper, you will owe $233.00 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

- [ ] You submitted your request via the FBI's eFOIPA system. Releases will be made to you electronically, and you will owe $_____ in duplication fees (____ releases at $15.00 each, less $5.00 credit for the first release).

- [x] The FBI located audio and video files that are potentially responsive to the subject of your request. If all of the potentially-responsive media is released, you will owe $90.00 (6 CDs at $15.00 each).

- [ ] CDs will not be sent to a correctional institution. You will only qualify for CD releases if an alternate address is provided.

- [ ] You will owe approximately $___ in international shipping fees.

**The estimated total cost for processing your request is approximately $235.00 for CD releases or $233.00 for paper releases.**

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s). Also, some information may not be responsive to your subject. Thus, the actual charges could be less.

**Requester Response**

**No payment is required at this time. You must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD) unless your request qualifies for eFOIPA releases. You must also indicate your preference in the handling of your request in reference to the estimated duplication fees from the following four (4) options:**

☐ I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

☐ I am willing to pay fees of a different amount.

**Please specify amount:** ______

☐ Provide me 100 pages or the cost equivalent ($5.00) free of charge. If applicable, I am willing to pay International shipping fees.

☐ Cancel my request.

**If we do not receive your duplication format decision and/or estimated duplication fee selection within thirty (30) days of the date of this notification, your request will be closed. Include the FOIPA Request Number listed above in any communication regarding this matter**.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA). See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue. This may also reduce search and duplication costs and allow for a more timely receipt of your information. The FBI uses a multi-queue processing system to fairly assign and process new requests. Simple request queue cases (50 pages or less) usually require the least time to process.

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above. Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time. Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Information Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**. You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 1:19-CV-00001-LGF

# **Exhibit M**

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 31, 2019

Leslie James Pickering
Michael Kuzma. Esq
1893 Clinton Street
Buffalo, NY 14206

*Leslie James Pickering v. DOJ:* Civil Action No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

Dear Leslie James Pickering:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1), Federal Rules of Criminal Procedure 6(e) | ☑ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

501 pages were reviewed and 470 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

- ☐ This information has been referred to the OGA(s) for review and direct response to you.
- ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records on individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, D.C. 20001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following website: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(1)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case Pending in the Court of the U.S. District Court Order for the Western District of New York, enclosed is one (1) compact disc containing records "Bates Stamped FBI (19-cv-1) 1 to FBI (19-cv-1) 501". This material is being provided to you at no charge.

The enclosed documents represent the FBI's first interim release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read. While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

Pursuant to new Freedom of Information Act (FOIA) regulations effective on May 4, 2015, the duplication cost for paper releases was reduced from $0.10 to $0.05 per page. The duplication cost for a Compact Disc (CD) remains at $15.00 per CD. You are entitled to 100 free pages which you will receive as a $5.00 credit towards your first interim CD release. As a result, we must notify you there will be a $25.00 charge when the second interim release is made in this case. At that time you will be billed for the $10.00 remaining from the $15.00 fee of the first release, as well as the $15.00 duplication fee for the second release, for a total of $25.00.

**FBI FOIPA Addendum**

**As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum includes information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes additional standard responses that apply to all requests for records on individuals. Part 3 includes general information about FBI records. For questions regarding Parts 1, 2, or 3, visit the www.fbi.gov/foia website under "Contact Us." Previously mentioned appeal and dispute resolution services are also available at the web address.**

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIA [5 U.S.C. § 552(c) (2006 & Supp. IV (2010)]. FBI responses are limited to those records subject to the requirements of the FOIA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **National Security/Intelligence Records**. The FBI can neither confirm nor deny the existence of national security and foreign intelligence records pursuant to FOIA exemptions (b)(1), (b)(3), and PA exemption (j)(2) as applicable to requests for records about individuals [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2); 50 U.S.C § 3024(i)(1)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that national security or foreign intelligence records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records for Incarcerated Individuals.** The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching those systems or locations where responsive records would reasonably be found. A reasonable search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters (FBIHQ), FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide and includes Electronic Surveillance (ELSUR) records. For additional information about our record searches visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheets. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

(iv) **The National Name Check Program (NNCP).** The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security. Please be advised that this is a service provided to other federal agencies. Private citizens cannot request a name check.

# EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5) information compiled in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

December 5, 2019

Leslie James Pickering
Michael Kuzma. Esq
1893 Clinton Street
Buffalo, NY 14206

*Leslie James Pickering v. DOJ:* Civil Action No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

Dear Leslie James Pickering:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1), | ☑ (b)(7)(D) | ☐ (k)(2) |
| Federal Rules of Criminal Procedure 6(e) | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

501 pages were reviewed and 490 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

- ☐ This information has been referred to the OGA(s) for review and direct response to you.
- ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, D.C. 20001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following website: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(1)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case Pending in the Court of the U.S. District Court Order for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped "FBI (19-cv-1) 502" to "FBI (19-cv-1) 1002". This material is being provided to you at no charge.

The enclosed documents represent the FBI's second interim release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read. While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

By letter dated October 31, 2019, we sent you a Compact Disc (CD) containing the first interim release for this case. At that time, we explained the $10.00 balance associated with that release would be billed with this release. Accordingly, upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $25.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment.

Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

**Pay.gov is a secure web-based application that accepts credit card and ACH payments online, and is hosted by the United States Department of Treasury, Financial Management Service. For frequent FOIPA requesters, it is recommended to create a Pay.gov account to retain an online history of payments made through Pay.gov and to retain specific information for future payments. To make an electronic payment, complete the FBI Freedom of Information Act and Privacy Act Form located on Pay.gov. Please note: if a refund is necessary, there is less processing time to refund a credit card payment than an ACH payment.*

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 7, 2020

Leslie James Pickering
Michael Kuzma. Esq
1893 Clinton Street
Buffalo, NY 1420

*Leslie James Pickering v. DOJ*: Civil Action No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

Dear Leslie James Pickering:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1) | ☑ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

505 pages were reviewed and 466 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

- ☐ This information has been referred to the OGA(s) for review and direct response to you.
- ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(1)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case Pending in the Court of the U.S. District Court Order for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped "FBI (19-cv-1) 1003" to "FBI (19-cv-1) 1507".

The enclosed documents represent the FBI's third interim release of information responsive to your request and civil action.

Some of the responsive material bates stamps "FBI (19-cv-1) 1111" to "FBI (19-cv-1) 1115", has been exempted from disclosure, pursuant to the following protective court order: United States District Court, Southern District of New York, National Lawyers Guild v. Attorney General, 77 CIV-999 (SDNY).

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read. While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

By Letters dated October 31, 2019, and December 5, 2019, the FBI advised, "This material is being provided to you at no charge." This language was included inadvertently; the letters also contained the accurate information regarding

required payments. Accordingly, upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $40.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment. Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

**Pay.gov is a secure web-based application that accepts credit card and ACH payments online, and is hosted by the United States Department of Treasury, Financial Management Service. For frequent FOIPA requesters, it is recommended to create a Pay.gov account to retain an online history of payments made through Pay.gov and to retain specific information for future payments. To make an electronic payment, complete the FBI Freedom of Information Act and Privacy Act Form located on Pay.gov. Please note: if a refund is necessary, there is less processing time to refund a credit card payment than an ACH payment.*

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 31, 2020

Leslie James Pickering
Michael Kuzma. Esq
1893 Clinton Street
Buffalo, NY 1420

*Leslie James Pickering v. DOJ:* Civil Action No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

Dear Leslie James Pickering:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1), | ☑ (b)(7)(D) | ☐ (k)(2) |
| Rule 6(e), Federal Rules of Criminal Procedure | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

501 pages were reviewed and 481 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

- ☐ This information has been referred to the OGA(s) for review and direct response to you.
- ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, D.C. 20001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following website: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked “Freedom of Information Act Appeal.” Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI’s FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state “Dispute Resolution Services.” Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

[signature]

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(1)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case Pending in the Court of the U.S. District Court Order for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped ”FBI (19-cv-1) 1508” to “FBI (19-cv-1) 2008”.

The enclosed documents represent the FBI’s fourth interim release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read. While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

In January we sent you a Compact Disc (CD) containing the 3rd interim release for this case. At that time, we explained there was $40.00 balance. Upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $55.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment. Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

February 29, 2020

Leslie James Pickering
Michael Kuzma. Esq
1893 Clinton Street
Buffalo, NY 1420

*Leslie James Pickering v. DOJ:* Civil Action No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

*Dear Leslie James Pickering*

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| | ☑ (b)(7)(D) | ☐ (k)(2) |
| 50 U.S.C., Section 3024 (i)(1), | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

501 pages were reviewed and 423 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

- ☐ This information has been referred to the OGA(s) for review and direct response to you.
- ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(1)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case Pending in the Court of the U.S. District Court Order for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped "FBI (19-cv-1) 2009" to "FBI (19-cv-1) 2509".

The enclosed documents represent the FBI's fifth interim release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read. While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

Upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $15.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment. Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 29, 2020

Leslie James Pickering
Michael Kuzma. Esq
1893 Clinton Street
Buffalo, NY 1420

*Leslie James Pickering v. DOJ: Civil Action* No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

*Dear Leslie James Pickering*

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1) | ☑ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

168 pages were reviewed and 146 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

- ☐ This information has been referred to the OGA(s) for review and direct response to you.
- ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case Pending in the Court of the U.S. District Court Order for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped "FBI (19-cv-1) 2510" to "FBI (19-cv-1) 2677".

Please be advised that the Records Information/Dissemination Section (RIDS) is operating at reduced staffing levels amidst the ongoing COVID-19 national emergency. The enclosed FOIPA release represents a work product that could be generated for you under these unprecedented circumstances. We appreciate your patience and understanding as we work to release as much information, to as many requesters as possible, as the emergency continues.

The enclosed documents represent the FBI's sixth interim release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read.

While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

Upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $15.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment. Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 30, 2020

Leslie James Pickering
Michael Kuzma. Esq
1893 Clinton Street
Buffalo, NY 1420

*Leslie James Pickering v. DOJ: Civil Action* No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

*Dear Leslie James Pickering:*

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

**Section 552**

- ☐ (b)(1)
- ☐ (b)(2)
- ☑ (b)(3)

50 U.S.C., Section 3024 (i)(1)

- ☐ (b)(4)
- ☐ (b)(5)
- ☑ (b)(6)
- ☐ (b)(7)(A)
- ☐ (b)(7)(B)
- ☑ (b)(7)(C)
- ☑ (b)(7)(D)
- ☑ (b)(7)(E)
- ☐ (b)(7)(F)
- ☐ (b)(8)
- ☐ (b)(9)

**Section 552a**

- ☐ (d)(5)
- ☐ (j)(2)
- ☐ (k)(1)
- ☐ (k)(2)
- ☐ (k)(3)
- ☐ (k)(4)
- ☐ (k)(5)
- ☐ (k)(6)
- ☐ (k)(7)

309 pages were reviewed and 249 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case Pending in the Court of the U.S. District Court Order for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped "FBI (19-cv-1) 2678" to "FBI (19-cv-1) 2986".

Please be advised that as of June 8, the Record Information/Dissemination Section (RIDS) resumed operating at full staffing levels amidst the ongoing COVID-19 national emergency. The enclosed FOIPA release represents a work product that could be generated for you under these unprecedented circumstances and the limited time we were fully staffed during the month of June. We appreciate your patience and understanding as we work to release as much information, to as many requesters as possible, as this emergency continues.

The enclosed documents represent the FBI's seventh interim release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read.

While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

Upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $15.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment. Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 31, 2020

Leslie James Pickering
Michael Kuzma. Esq
1893 Clinton Street
Buffalo, NY 1420

*Leslie James Pickering v. DOJ: Civil Action* No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

*Dear Leslie James Pickering:*

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1) | ☑ (b)(7)(D) | ☐ (k)(2) |
| Federal Rules of Criminal Procedure 6(e) | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

500 pages were reviewed and 347 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

- ☐ This information has been referred to the OGA(s) for review and direct response to you.
- ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Acting Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case Pending in the Court of the U.S. District Court Order for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped "FBI (19-cv-1) 2987 " to "FBI (19-cv-1) 3486 ".

The enclosed documents represent the FBI's eighth interim release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read.

While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

Upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $15.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment. Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 31, 2020

Leslie James Pickering
Michael Kuzma. Esq
1893 Clinton Street
Buffalo, NY 14206

*Leslie James Pickering v. DOJ: Civil Action* No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

*Dear Leslie James Pickering*:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1) | ☑ (b)(7)(D) | ☐ (k)(2) |
| Federal Rules of Criminal Procedure 6(e) | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

502 pages were reviewed and 328 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case Pending in the Court of the U.S. District Court Order for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped "FBI (19-cv-1)-3487" to "FBI (19-cv-1)-3988".

The enclosed documents represent the FBI's ninth interim release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read.

While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

Upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $15.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment. Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 30, 2020

Leslie James Pickering
Michael Kuzma. Esq
1893 Clinton Street
Buffalo, NY 14206

*Leslie James Pickering v. DOJ: Civil Action* No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

*Dear Leslie James Pickering*:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1) | ☑ (b)(7)(D) | ☐ (k)(2) |
| Federal Rules of Criminal Procedure 6(e) | ☑ (b)(7)(E) | ☐ (k)(3) |
| 18 U.S.C., Section 2518 | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

502 pages were reviewed and 392 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case Pending in the Court of the U.S. District Court Order for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped "FBI (19-cv-1)-3989" to "FBI (19-cv-1)-4490".

The enclosed documents represent the FBI's ninth interim release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read. While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

Duplicate copies of the same document were not processed.

Upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $15.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment. Failure to pay

for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

October 30, 2020

Leslie James Pickering
Michael Kuzma, Esq
1893 Clinton Street
Buffalo, NY 14206

*Leslie James Pickering v. DOJ:* Civil Action No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

Dear Leslie James Pickering:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1) | ☑ (b)(7)(D) | ☐ (k)(2) |
| Federal Rules of Criminal Procedure 6(e) | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

500 pages were reviewed and 393 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

- ☐ This information has been referred to the OGA(s) for review and direct response to you.
- ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case pending in the U.S. District Court for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped "FBI (19-cv-1)-4491" to "FBI (19-cv-1)-4990".

The enclosed documents represent the FBI's eleventh interim release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read. While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

Duplicate copies of the same document were not processed.

Upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $15.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment. Failure to pay

for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 30, 2020

Leslie James Pickering
Michael Kuzma, Esq
1893 Clinton Street
Buffalo, Ny 14206

*Leslie James Pickering v. DOJ:* Civil Action No. 19-cv-1
FOIPA Request No.: 1396731-000
Subject: Leonard Peltier

Dear Leslie James Pickering:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1) | ☑ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

263 pages were reviewed and 219 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

- ☐ This information has been referred to the OGA(s) for review and direct response to you.
- ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case pending in the U.S. District Court for the Western District of New York, enclosed is one (1) compact disc containing records Bates Stamped "FBI (19-cv-1)-4991" to "FBI (19-cv-1)-5253".

The enclosed documents represent the FBI's final release of information responsive to your request and civil action.

Due to the age and condition of the original documents, some of the reproduced copies are extremely difficult to read.

While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

Duplicate copies of the same document were not processed.

Upon receipt of the enclosed CD please go to www.pay.gov to make an electronic payment* in the amount of $15.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit, Record Information/Dissemination Section, Information Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number with your payment. Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 1:19-CV-00001-LGF

# **Exhibit N**

*LESLIE JAMES PICKERING V. DOJ*
1:19-CV-00001-LGF
UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NEW YORK

# ***Vaughn* Index**

## SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES

| CODED CATEGORIES | INFORMATION WITHHELD |
|---|---|
| **EXEMPTION (b)(3)** | **INFORMATION PROTECTED BY STATUTE** |
| (b)(3)-1 and (b)(3)-3 | National Security Act of 1947, as Amended (50 USC Section 3024 (i)(1)) |
| (b)(3)-4 | Title III of the Omnibus Crime Control and Safe Streets Act (18 U.S.C § 2511) |
| **EXEMPTION (b)(5)** | **PRIVILEGED INFORMATION** |
| (b)(5)-1 | Attorney Work Product |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and Other Identifying Information of FBI Special Agents and Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Other Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-3 and (b)(7)(C)-3 | Names and Other Identifying Information of Local Law Enforcement Personnel |
| (b)(6)-4 and (b)(7)(C)-4 | Names and Other Identifying Information of Third Parties who Provided Information (*cited at times in conjunction with (b)(7)D*) |
| (b)(6)-5 and (b)(7)(C)-5 | Names and Other Identifying Information of Third Parties of Investigative Interest |
| **EXEMPTION (b)(7)(D)** | **CONFIDENTIAL SOURCE INFORMATION** |
| (b)(7)(D)-1 | Confidential Source File Numbers |
| (b)(7)(D)-2 | Confidential Source Symbol Numbers |
| (b)(7)(D)-3 | Names and Other Identifying Information of, and Information Provided by, Sources Under an Express Assurance of Confidentiality |
| (b)(7)(D)-5 | Names and Other Identifying Information of, and Information Provided by, Local Law Enforcement Agencies |
| (b)(7)(D)-6 | Names amd Other Identifying Information of, and Information Provided by, Individuals Under an Implied Assurance of Confidentiality |
| (b)(7)(D)-4 and (b)(7)(D)-7 | Identifying Information of and Information Provided by Foreign Government Agencies Under an Express Assurance of Confidentiality |
| **EXEMPTION (b)(7)(E)** | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| (b)(7)(E)-1 | Sensitive Investigative File Numbers |
| (b)(7)(E)-2 | Collection and Analysis of Information Including Database Information and Search Results |
| (b)(7)(E)-3 | Surveillance Techniques |
| (b)(7)(E)-4 | Monetary Payments |

**INDEX KEY**

RIP: Released in Part
WIF: Withheld in Full
FOIA WIF: Withheld in full pursuant to FOIA Exemptions

| Document Description | Bates | b3 1 | b3 3 | b5 1 | 6/7C 1 | 6/7 C 2 | 6/7 C 3 | 6/7 C 4 | 6/7 C 5 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7D 5 | 7D 6 | 7D 7 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-209: Confidential Human Source (CHS) Reporting Document | 3 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 4 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 5 | | | | | x | | | | | | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 7 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 8 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 10 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 11 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 17 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 53 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 54 | x | | | x | x | | | | x | x | x | | | | | x | x | | | x | |
| | 55 | x | | | | x | | x | | x | | x | | | | | x | | | | x | |
| | 56 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 72 | | | | | | | | | | x | x | | | | | | | | | x | |
| | 90 | x | | | | x | | | | x | x | | | | | | x | | | | x | |
| | 128 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 129 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 132 | | | | | x | | x | | | | | | | | | | | | | x | |
| | 135 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 144 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 145 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 148 | x | | | | | | | | x | x | | | | | | x | | | | | x |
| | 149 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 171 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 172 | | | | | x | | | | | | x | | | | | | | x | | x | |
| | 174 | | | | | x | | x | | | | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 219 | x | | | | | | | | x | | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 223 | x | | | | | | | | x | | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 224 | x | | | | | | | | x | | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 225 | x | | | | | | | | x | | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 226 | x | | | | | | | | x | | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 227 | x | | | | | | | | x | | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 259 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 262 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 265 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 266 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 267 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 268 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 269 | x | | | x | x | | x | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 273 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 274 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 278 | x | | | | | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 281 | x | | | | | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 282 | x | | | | | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 283 | x | | | | | | | | x | x | | | | | | x | | | | | x |
| | 306 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 307 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 308 | x | | | x | x | | x | | x | | x | | | | | x | | | | x | |
| | 309 | x | | | | x | | x | | x | | x | | | | | x | | | | x | |

| Document Description | Bates | b3 1 | b3 3 | b5 1 | 6/7C 1 | 6/7 C 2 | 6/7 C 3 | 6/7 C 4 | 6/7 C 5 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7D 5 | 7D 6 | 7D 7 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 311 | x | | | x | x | | x | | x | | x | | | | | x | | | | x | |
| | 317 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 322 | | | | | | | | | | x | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 324 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 325 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 326 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 327 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 333 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 335 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 337 | | | | | x | | x | | | | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 340 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 342 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 343 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 345 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 346 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 347 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 350 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 353 | x | | | | | | | | x | | x | | | | | | | | | x | |
| | 356 | x | | | x | | | | | x | x | x | | | | | x | | | | x | |
| | 357 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 358 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 359 | x | | | | x | | | | x | | | | | | | x | | | | x | |
| | 361 | | | | | | | | | | x | x | | | | | | | | | x | |
| | 364 | | | | | | | | | | x | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 369 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 372 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 373 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 375 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 517 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 518 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 519 | | | | | | | | | | | x | | | | | | | | | x | |
| | 523 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 524 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 637 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 643 | x | | | | x | | | | x | x | | | | | | x | | | | x | |
| | 645 | | | | | x | | | | | x | x | | | | | x | | | | x | |
| | 648 | | | | | x | | | | | | x | | | | | x | | | | x | |
| | 650 | | | | | x | | | | | | x | | | | | x | | | | x | |
| | 653 | x | | | | x | | | | | x | x | | | | | | | | | x | |
| | 655 | x | | | | x | | | | | x | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 662 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 664 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-306: CHS Reporting Document | 672 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-306: CHS Reporting Document | 674 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 735 | | | | x | x | | x | | | | x | | | | | | | | | x | |
| | 736 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 737 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 747 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 749 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 866 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 867 | x | | | | | | | | x | | x | | | | | x | | | | x | |

| Document Description | Bates | b3 1 | b3 3 | b5 1 | 6/7C 1 | 6/7 C 2 | 6/7 C 3 | 6/7 C 4 | 6/7 C 5 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7D 5 | 7D 6 | 7D 7 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-209: CHS Reporting Document | 868 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 870 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 871 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 872 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 886 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 891 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 893 | x | | | | | | | | x | x | | | | | | x | | | x | x | |
| | 894 | | | | | | | | | | | x | | | | | | | | x | x | |
| FD-209: CHS Reporting Document | 896 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 897 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 898 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 899 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 900 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 901 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 906 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 1025 | x | | | | x | | | | | | | | | | | | | | | x | |
| | 1080 | | | | | x | | | | | | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 1081 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| | 1082 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Documentt | 1100 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1103 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1105 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1106 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1107 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1108 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-306: CHS Reporting Document | 1117 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-306: CHS Reporting Document | 1119 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1144 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1146 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1148 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1176 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 1177 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 1178 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1194 | x | | | x | | | | | x | x | | | | | | x | | | | | x |
| | 1214 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 1219 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 1221 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1227 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 1228 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1229 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1230 | x | | | | x | | | | x | | | | | | | x | | | | x | |
| | 1239 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 1240 | x | | | | | | | | x | | x | | | | | x | | | | x | |
| | 1241 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1242 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 1243 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1244 | x | | | | x | | | | x | | x | | | | | x | | | | x | |

| Document Description | Bates | b3 1 | b3 3 | b5 1 | 6/7C 1 | 6/7 C 2 | 6/7 C 3 | 6/7 C 4 | 6/7 C 5 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7D 5 | 7D 6 | 7D 7 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-209: CHS Reporting Document | 1253 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 1254 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1255 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1259 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 1260 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1261 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 1262 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1263 | x | | | | | | | | x | x | x | | | | | | | | | x | |
| | 1272 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1274 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 1275 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 1277 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1281 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 1282 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1283 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1285 | x | | | | x | | | | x | | | | | | | x | | | | x | |
| | 1289 | x | | | | x | | | | x | | | | | | | x | | | | x | |
| | 1305 | x | | | | x | | | | | x | x | | | | | x | | | | x | |
| | 1308 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 1309 | | | | | x | | | | | | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 1336 | x | | | | x | | | | x | x | | | | | | x | | | | | x |
| | 1337 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1338 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 1339 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1342 | x | | | x | x | | | | x | x | | | | | | | | x | | | x |
| | 1343 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1344 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1345 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1346 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1347 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1348 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1350 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 1352 | | | | | x | | | | | x | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 1360 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1361 | x | | | | x | | x | | x | x | x | | | | | x | | | | x | |
| | 1362 | x | | | | | | | | x | | | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1363 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1369 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1388 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1391 | x | | | | x | | x | | | x | x | | | | | x | | | | x | |
| | 1394 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 1397 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 1398 | x | | | | | | | | x | | x | | | | | x | | | | x | |
| | 1399 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1402 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 1403 | | | | | x | | | | | | | | | | | | | | | x | |
| | 1405 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1406 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1407 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1408 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1409 | | | | | x | | | | | | | | | | | | | | | x | |
| | 1411 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 1415 | | | | | x | | x | | | | x | | | | | | | | | x | |

| Document Description | Bates | b3 1 | b3 3 | b5 1 | 6/7C 1 | 6/7 C 2 | 6/7 C 3 | 6/7 C 4 | 6/7 C 5 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7D 5 | 7D 6 | 7D 7 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-209: CHS Reporting Document | 1435 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1436 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 1442 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1460 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1462 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| CHS Report Dated 8/18/1975 | 1463 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1464 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1465 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| | 1466 | x | | | | x | | | | x | | | | | | | x | | | | x | |
| | 1470 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 1471 | | | | | | | | | | | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 1515 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1516 | x | | | | x | | x | | x | | x | | | | | x | | | | x | |
| | 1537 | x | | | | x | | | | | | | | | | | | | | | x | |
| | 1569 | x | | | | x | | | | | | | | | | | | | | | x | |
| | 1572 | | | | | x | | | | x | x | x | | | | | x | | x | | x | |
| | 1573 | | | | | x | | x | | x | | x | | | | | x | | | | x | |
| | 1577 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 1581 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 1583 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1584 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| | 1593 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 1594 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1595 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 1608 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 1618 | | | | | x | | | | | x | | | | | | | | | | x | |
| | 1636 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1637 | x | | | | | | | | | x | | | | | | x | | | | x | |
| | 1648 | x | | | | x | | x | | x | x | x | | | | | x | | | | x | |
| | 1657 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1661 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| FD-306: CHS Reporting Document | 1688 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1694 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| | 1695 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1698 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1701 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| | 1702 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1705 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1725 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 1739 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1777 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| | 1778 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1779 | x | | | | | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1780 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1781 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| | 1783 | x | | | | x | | x | | x | | | | | | | x | | | | x | |
| | 1784 | x | | | | x | | x | | x | | | | | | | x | | | | x | |
| | 1785 | x | | | | x | | x | | x | | | | | | | x | | | | x | |
| | 1809 | x | | | | x | | x | | x | | x | | | | | x | | | | x | |
| | 1820 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 1821 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 1822 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 1823 | x | | | | x | | x | | x | | x | | | | | x | | | | x | |
| | 1824 | x | | | | x | | x | | x | | x | | | | | x | | | | x | |
| | 1825 | x | | | | x | | x | | x | | x | | | | | x | | | | x | |

| Document Description | Bates | b3 1 | b3 3 | b5 1 | 6/7C 1 | 6/7 C 2 | 6/7 C 3 | 6/7 C 4 | 6/7 C 5 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7D 5 | 7D 6 | 7D 7 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-209: CHS Reporting Document | 1831 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1835 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1836 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1840 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1841 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1842 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 1843 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1844 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1845 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1846 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1847 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 1849 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 1856 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 1857 | | | | | x | | | | | | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 1858 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-306: CHS Reporting Document | 1891 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1899 | x | | | | | | | | | | | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1926 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| | 1927 | x | | | | | | | | x | | | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 1928 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 1970 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 1971 | x | | | | | | | | x | x | x | | | | | x | | | | x | |
| FD-306: CHS Reporting Document | 2052 | x | | | x | | | | | x | x | | | | | | x | | | | | x |
| FD-306: CHS Reporting Document | 2060 | x | | | x | | | | | x | x | | | | | | x | | | | | x |
| FD-306: CHS Reporting Document | 2071 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-306: CHS Reporting Document | 2073 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 2365 | x | | | x | x | | | | x | x | x | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 2416 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 2488 | | | | | x | | x | x | | x | x | | | | | | | | | x | |
| | 2494 | | | | | x | | x | x | | x | x | | | | | | | | | x | |
| | 2522 | x | | | | x | | | | | x | x | | | | | x | | | | x | |
| | 2523 | x | | | | x | | | | | | x | | | | | x | | | | x | |
| | 2524 | x | | | | | | | | | | | | | | | x | | | | x | |
| | 2525 | x | | | | x | | | | | x | x | | | | | x | | | | x | |
| | 2526 | x | | | | x | | | | | | x | | | | | x | | | | x | |
| | 2528 | x | | | | x | | | | | | x | | | | | x | | | | x | |
| | 2530 | x | | | | x | | | | | | x | | | | | x | | | | x | |
| | 2573 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 2597 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 2685 | | | | | x | | | | | | | | x | | | | | | | x | |
| | 2691 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 2749 | | | | | | | | | | | | x | | | | | | | | x | |
| | 2814 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 2815 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 2906 | x | | | | | | | | x | | x | | | | | x | | | | x | |
| | 2910 | x | | | | | | | | x | | x | | | | | x | | | | x | |
| | 2914 | x | | | | | | | | x | | x | | | | | x | | | | x | |
| | 2933 | x | | | | | | | | x | | x | | | | | x | | | | x | |
| | 2934 | x | | | | | | | | | x | | | | | | x | | | | x | |

| Document Description | Bates | b3 1 | b3 3 | b5 1 | 6/7C 1 | 6/7 C 2 | 6/7 C 3 | 6/7 C 4 | 6/7 C 5 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7D 5 | 7D 6 | 7D 7 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-209: CHS Reporting Document | 2975 | x | | | | | | | | x | x | | | | | | x | | | | | x |
| | 2976 | x | | | x | x | | | | x | | | | | | | x | | | | x | |
| | 2977 | x | | | | x | | | | x | | | | | | | x | | | | x | |
| | 2989 | | | | | x | x | | | | x | | | | | | | | | | x | |
| | 3001 | | | | | x | | x | | | | | | | | x | | | | | x | |
| | 3002 | | | | | x | | x | | | | | | | | x | | | | | x | |
| | 3014 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| Intra-Agency Memorandum Concerning CHS Reporting Dated 9/19/1975 | 3015 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3021 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 3027 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 3031 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 3042 | | | | | x | x | | | | | | | | | | | | | | x | |
| | 3058 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 3060 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 3084 | | | | | x | | | | | x | | | | | | | | | | x | |
| | 3086 | | | | | | | | | | x | | | | | | | | | | x | |
| | 3092 | | | | | x | x | | | | | | | | | | | | | | x | |
| | 3098 | | | | | | | x | | | x | x | | | | | | | | | x | |
| | 3103 | | | | | x | | | | | x | | | | | | | | | | x | |
| | 3108 | x | | | | | | x | | x | | x | | | | | x | | | | x | |
| | 3109 | | | | | | | x | | | | x | | | | | | | | | x | |
| | 3110 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 3118 | | | | | | | x | | | | x | | | | | | | | | x | |
| | 3126 | | | | | | | x | | | | x | | | | | | | | | x | |
| | 3134 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 3135 | | | | | x | | x | | | | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 3141 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3142 | | | | | | | x | | | | x | | | | | | | | | x | |
| | 3153 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 3155 | | | | | | | | | | | x | | | | | | | | | x | |
| | 3157 | x | | | | x | | x | | x | x | x | | | | | x | | | | x | |
| | 3158 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 3159 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 3160 | x | | | | x | | x | | x | | x | | | | | x | | | | x | |
| | 3161 | x | | | | | | | | x | | x | | | | | x | | | | x | |
| | 3162 | x | | | | | | | | x | | x | | | | | x | | | | x | |
| Information Furnished by Foreign Government Agency | 3163 | | | | | x | | | | | | | | | | x | | | | | x | |
| | 3164 | | | | | x | | | | | | | | | | x | | | | | | x |
| | 3165 | | | | | x | | | | | | | | | | x | | | | | | x |
| | 3181 | | | | | x | | | | | | | | | | x | | | | | x | |
| | 3193 | | | | | x | | | | | | | | | | x | | | | | x | |
| | 3201 | | | | | x | | x | | | | x | | | | | | | | | x | |
| Information Furnished by Foreign Government Agency | 3212 | | | | | x | | | | | | | | | | x | | | | | | x |
| | 3214 | | | | | | | x | | | | x | | | | | | | | | x | |
| FD-306: CHS Reporting Document | 3248 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3255 | | | | | x | x | | | | | x | | | | | | | | | x | |
| | 3256 | | | | | x | x | | | | | x | | | | | | | | | x | |
| | 3257 | | | | | x | x | | | | | x | | | | | | | | | x | |
| FD 306: CHS Reporting Document | 3299 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD 306: CHS Reporting Document | 3300 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD 306: CHS Reporting Document | 3301 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD 306: CHS Reporting Document | 3306 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3311 | | | | | | | x | | | | x | | | | | | | | | x | |
| | 3312 | | | | | | | x | | | | x | | | | | | | | | x | |

| Document Description | Bates | b3 1 | b3 3 | b5 1 | 6/7C 1 | 6/7 C 2 | 6/7 C 3 | 6/7 C 4 | 6/7 C 5 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7D 5 | 7D 6 | 7D 7 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 3373 | | | | | | | | x | | x | | | | | | | | | | x | |
| | 3374 | | | | | | | | x | | x | | | | | | | | | | x | |
| | 3378 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 3383 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 3385 | | | | | x | | x | | | | | | | x | | | | | | x | |
| | 3391 | | | | | | | | | | x | x | | | | | | | | | x | |
| | 3405 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 3462 | | x | | | x | | | | | | | | | | | x | | | | x | |
| | 3471 | | | | | x | | | | | | x | | | | | | | | | x | |
| FD 209: CHS Reporting Document | 3490 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3491 | x | | | | x | x | x | | x | | x | | | | | x | | | | x | |
| FD 209: CHS Reporting Document | 3494 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3495 | x | | | | x | | | | x | | | | | | | x | | | | x | |
| | 3496 | x | | | | x | | x | | x | | | | | | | x | | | | x | |
| | 3497 | x | | | | x | x | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 3561 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3563 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3565 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3567 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3569 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3571 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3573 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3575 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3577 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3579 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3581 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3583 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3585 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3587 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3589 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3590 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3591 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3592 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3594 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3596 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3598 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3600 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3601 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3602 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3603 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |

| Document Description | Bates | b3 1 | b3 3 | b5 1 | 6/7C 1 | 6/7 C 2 | 6/7 C 3 | 6/7 C 4 | 6/7 C 5 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7D 5 | 7D 6 | 7D 7 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-209: CHS Reporting Document | 3605 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3607 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3609 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3611 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3613 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3614 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 3652 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 3697 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3698 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 3727 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3728 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 3766 | | | | | x | | | | | | x | | | | x | | | | | x | |
| | 3767 | | | | | x | | | | | | | | | | x | | | | | x | |
| FD-209: CHS Reporting Document | 3797 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3798 | x | | | | x | | | | x | | | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 3816 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3817 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 3818 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3820 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3822 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| FD-209: CHS Reporting Document | 3824 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3826 | x | | | | | x | | | x | x | x | | | | | x | | | | x | |
| | 3828 | | | | | x | x | | | | | x | | | | | | | | | x | |
| | 3838 | x | | | x | x | | | | x | x | x | | | | | x | | | | x | |
| | 3841 | x | | | x | x | x | | | x | x | x | | | | | x | | | | x | |
| | 3845 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 3851 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| FD-209: CHS Reporting Document | 3861 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3862 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 3905 | | | | | x | | | | | x | | | x | | x | | | | | x | |
| | 3911 | x | | | | x | | | | x | x | | | x | | | | | | | x | |
| | 3929 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 3930 | | | | | x | | | | | | | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 3980 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 3991 | | | | | x | | x | | | | | | | x | | | | | | x | |
| | 3996 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 4001 | | | | | x | | | | | | x | | | | x | | | | | x | |
| | 4025 | | | | | x | | | | | | | | | | x | | | | | x | |
| | 4026 | | | | | x | | | | | x | | | | | x | | | | | x | |
| | 4035 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 4039 | | | | | x | | | | | | | | | | x | | | | | x | |
| | 4043 | | | | | x | | | | | | x | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 4091 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 4092 | x | | | | x | | | | x | | | | | | | x | | | | x | |
| | 4093 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 4153 | x | | | | x | | | | x | x | | | | | | x | | | | x | |
| | 4154 | | | | | x | | | | | | | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 4195 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 4196 | x | | | | x | | x | | x | | x | | | | | x | | | | x | |

| Document Description | Bates | b3 1 | b3 3 | b5 1 | 6/7C 1 | 6/7 C 2 | 6/7 C 3 | 6/7 C 4 | 6/7 C 5 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7D 5 | 7D 6 | 7D 7 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-209: CHS Reporting Document | 4197 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 4198 | x | | | | | | x | | x | | x | | | | | x | | | | x | |
| | 4214 | | | | | x | | | | | | x | | | | | | | | | x | |
| | 4219 | | | | | x | | x | | | | | | | x | | | | | | x | |
| FD-209: CHS Reporting Document | 4235 | x | | | x | x | | | | x | | | | | | | | | | | | x |
| | 4236 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 4294 | | | | | | | | | | | | | | | | | | | | | |
| | 4295 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 4379 | | | x | | x | | | | | | x | | | | | | | | | x | |
| | 4602 | | | | | x | | | | | x | | | | | | | | | | x | |
| | 4603 | | | | | x | | | | | x | | | | | | | | | | x | |
| | 4604 | | | | | x | | | | | | | | | | | | | | | x | |
| | 4605 | | | | | x | | | | | | | | | | | | | | | x | |
| FD-209: CHS Reporting Document | 4607 | x | | | x | x | | | | x | x | | | | | | x | | | | | x |
| | 4608 | x | | | | x | | | | x | | x | | | | | x | | | | x | |
| | 4609 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 4750 | | | | | | | | | | x | | | | | | | | | | x | |
| | 4752 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 4755 | x | | | | x | | | | | x | | | | | | x | | | | x | |
| | 4758 | | | | | x | | | | | | | | | | x | | | | | x | |
| | 4783 | x | | | | | | | | x | x | | | | | | x | | | | x | |
| | 4875 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 4879 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 4883 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 4908 | | | | | | | | | | | x | | | | | | | | | x | |
| | 4983 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 4984 | | | | | | | x | | | | x | | | | | | | | | x | |
| | 4990 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 5037 | | | | x | x | | | | | | | | | | | | | | | x | |
| | 5038 | | | | | x | | | | | | | | | | | | x | | | x | |
| | 5040 | | | | x | | | x | | | | | | | | | | | | | x | |
| | 5041 | | | | x | x | | | | | | | | | | | | | | | x | |
| | 5042 | | | | | x | | | | | | | | | | | | x | | | x | |
| Law Enforcement Sensitive Database Printout | 5043 | | | | | x | | x | | | | | | | | | | x | | | | x |
| | 5044 | | | | x | x | | x | | | | | | | | | | x | | | | x |
| | 5045 | | | | x | | | | | | | | | | | | | x | | | | x |
| | 5109 | x | | | | x | | | | | x | | | | | | x | | | | x | |
| | 5134 | | | | | x | | | | | x | x | | | | | | | | | x | |
| | 5153 | x | | | | | | | | x | | | | | | | x | | | | x | |
| | 5154 | x | | | | x | | | | x | | | | | x | | x | | | | x | |
| | 5168 | | | | | x | | | | | x | x | | | | x | | | | | x | |
| | 5170 | | | | | | | x | | | x | x | | | | | | | | | x | |
| | 5178 | | | | | | | x | | | | | | | x | | | | | | x | |
| | 5180 | | | | | | | x | | | | | | | x | | | | | | x | |
| | 5181 | | | | | | | x | | | | | | | x | | | | | | x | |
| | 5184 | x | | | | x | | | | x | x | x | | | | | x | | | | x | |
| | 5187 | x | | | | | | | | x | | x | | | | | x | | | | x | |
| | 5188 | | | | | x | | x | | | | x | | | | | | | | | x | |
| | 5206 | x | | | x | x | | | | | | | | | | x | x | | | | x | |
| | 5207 | x | | | | x | | | | | | | | | | | x | | | | x | |
| | 5208 | x | | | | x | | | | | | | | | | | x | | | | x | |
| | 5209 | x | | | | x | | | | | | x | | | | | x | | | | x | |
| | 5210 | x | | | | x | | | | | | | | | | | x | | | | x | |
| | 5214 | | | | | x | | | | | x | x | | | | | | | | | x | |
| FD-306: CHS Reporting Document | 5226 | x | | | x | x | | | | x | x | | | | | | | | | | | x |

1:19-CV-00001-LGF
Page Disposition Totals

# Page Disposition Totals

**<u>Total:</u> 500**

RIP: 342

WIF: 158

- FOIA Exemptions: 158