IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cr-139-ECM |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, INC. and HEIDI BEIRICH | ) | |

**MEMORANDUM OPINION and ORDER**

## I. INTRODUCTION

This case is currently set for jury selection and trial on October 5, 2026. On August 27, 2026, the Court held a telephonic status conference concerning the trial setting. During the status conference, Defendant Southern Poverty Law Center, Inc. ("SPLC") orally moved to sever the Defendants, (doc. 149), and Defendant Heidi Beirich ("Beirich") orally moved to continue the trial, (doc. 148). Thereafter, the Government and Beirich filed position statements concerning the SPLC's oral motion to sever and Beirich's motion to continue trial, (docs. 154, 155), and the SPLC filed a written motion to sever, (doc. 156). After careful consideration, and for the following reasons, the Court concludes that the SPLC's motion to sever is due to be denied, Beirich's motion to continue is due to granted, and the trial of this case is due to be continued as to both Defendants.

## II. BACKGROUND

On April 21, 2026, a federal grand jury indicted the SPLC on eleven counts: six counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts One through Six); four counts of false statements to a federally insured bank, in violation of 18 U.S.C. § 1014

(Counts Seven through Ten); and conspiracy to commit concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count Eleven). (Doc. 1). The indictment generally alleges that the SPLC fraudulently obtained money from donors to pay the SPLC's informants (or field sources) and made false statements to banks regarding the operation of the accounts used to pay the field sources. (*See generally id.*). The SPLC was arraigned on May 7, 2026, and following the arraignment, the SPLC's case was set for jury selection and trial on October 5, 2026. (Doc. 44). The SPLC requested a trial setting beyond the seventy-day speedy trial period due to the voluminous discovery and attendant need for additional time for defense counsel to investigate and prepare for trial. On June 2, 2026, the grand jury returned a superseding indictment against the SPLC, charging the same eleven counts. (Doc. 51).

On August 11, 2026, the grand jury returned a second superseding indictment against the SPLC and Beirich. (Doc. 115). The second superseding indictment charges as follows: (1) in Count One, the SPLC and Beirich are charged with one count of wire fraud conspiracy, in violation of 18 U.S.C. § 1349; (2) in Counts Two through Seven, the SPLC is charged with six counts of wire fraud, in violation of 18 U.S.C. § 1343; (3) in Count Eight, the SPLC and Beirich are charged with one count of conspiracy to submit false statements to a federally insured bank, in violation of 18 U.S.C. § 371; (4) in Counts Nine through Twelve, the SPLC is charged with false statements to a federally insured bank, in violation of 18 U.S.C. § 1014; (5) in Count Thirteen, the SPLC and Beirich are charged with conspiracy to commit concealment money laundering, in violation of 18 U.S.C.

§ 1956(h); and (6) in Count Fourteen, the SPLC is charged with concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## III. DISCUSSION

Beirich requests that the trial be continued until late January 2027 at the earliest, to afford her counsel adequate time to prepare for trial given the voluminous discovery involved and her counsel's preexisting professional obligations, including another trial set in October 2026. The Government does not oppose Beirich's motion to continue but argues that Beirich's and the SPLC's cases should be tried together—thus, practically speaking, if the Court continues Beirich's trial, the Government's position is that the SPLC's trial should be continued to the same date. At the status conference, the Court informed the parties that it has trial terms available on February 1, 2027, and April 19, 2027.[1]

While the SPLC does not oppose a continuance of Beirich's trial, the SPLC does not wish to delay the trial of its own case. Thus, the SPLC moves for a severance so that its case can proceed to trial on October 5, 2026. The Court first addresses the SPLC's motion to sever before turning to Beirich's motion to continue.

### A. The SPLC's Motion to Sever

In its requests for a severance, the SPLC argues that although Beirich reasonably needs additional time to prepare for trial, the SPLC has been diligently preparing for months to go to trial on October 5, 2026. The SPLC further argues that the Government

[1] At the status conference, lead counsel for the SPLC, Abbe Lowell, represented to the Court that he and his entire law firm are unavailable for the February 1, 2027 trial term because they will be attending a colleague's wedding the very next week, which the Court discerns would be sometime the week of February 8, 2027.

unreasonably delayed indicting Beirich because the factual allegations upon which the charges against Beirich are based were known to the Government long ago. Additionally, the SPLC claims that since it was indicted, its relationships with certain banks and donors have been negatively impacted. According to the SPLC, a joint trial would unduly prejudice the SPLC because it would have to wait at least an additional four months for its case to be tried (until the Court's next trial settings on February 1, 2027, or April 19, 2027), during which time the SPLC would experience the public scorn and other negative repercussions attendant to an unresolved indictment.

In opposing a severance, the Government argues that a joint trial would promote efficiency, conserve judicial resources, avoid the risk of inconsistent verdicts, and decrease the burden on witnesses. The Government further highlights that the evidence and witnesses to be presented against the SPLC and against Beirich are largely the same, and thus it would be particularly inefficient to have two separate trials. The Government further argues it would be unduly burdensome for witnesses to have to testify twice, especially the witnesses who must travel out of state to testify.

"[I]t is preferred that persons who are charged together should also be tried together," and "[t]his is particularly true in conspiracy cases." *United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989); *see also* FED. R. CRIM. P. 8(b) ("The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."). Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States*, 506

U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)). However, if a joint trial would "prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). "[A] District Court confronted with a Rule 14 Motion for Severance is required to balance any . . . prejudice [to the defendants] against the interests of judicial economy, a consideration involving substantial discretion." *United States v. Blankenship*, 382 F.3d 1110, 1120 (11th Cir. 2004) (alterations in original) (quoting *United States v. McGuire*, 608 F.2d 1028, 1031 (5th Cir. 1979))[2]; *Zafiro*, 506 U.S. at 538–59 (Rule 14 relief is left "to the district court's sound discretion").

"The exceptional circumstances justifying a deviation" from the general rule that defendants charged in a common conspiracy should be tried together "are few and far between." *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011). To establish entitlement to a severance, a defendant must show that a joint trial would actually prejudice him and that severance is the appropriate remedy for that prejudice. *See Blankenship*, 382 F.3d at 1122. The United States Supreme Court has recognized "only two circumstances in which severance is the only permissible remedy." *Id.* Those two circumstances are when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

innocence." *Zafiro*, 506 U.S. at 539.[3] According to the Eleventh Circuit, "[t]he first scenario for mandatory severance . . . described by the [Supreme] Court exists only where a joint trial leads to the denial of a constitutional right." *Blankenship*, 382 F.3d at 1123. Examples of constitutional rights which may be compromised in a joint trial are the Fifth Amendment right to remain silent, *see De Luna v. United States*, 308 F.2d 140, 141 (5th Cir. 1962) (severance necessary when an attorney for a codefendant commented on the defendant's silence); and the Sixth Amendment right to confront witnesses, *see Schaffer v. United States*, 221 F.2d 17, 19 (5th Cir. 1955) (severance necessary where the court admitted into evidence a mutually incriminating confession of a codefendant who did not testify).

Here, the Court concludes that severance is not warranted. A joint trial will serve the interests of justice by avoiding potential inconsistent verdicts, and it will promote efficiency and judicial economy to have a single trial in which substantially the same evidence and witnesses are presented. By contrast, separate trials would unduly burden witnesses, particularly those traveling from out of state, who would have to testify twice. The Court acknowledges that the SPLC may be experiencing negative consequences from the unresolved indictment.[4] While those consequences are regrettable, they do not rise to

---

[3] Because the SPLC does not argue that a joint trial would prevent the jury from making a reliable judgment, the Court pretermits discussion of that potential basis for a severance.

[4] Although the SPLC's motion alludes to the Sixth Amendment's guarantee of a speedy trial, the SPLC does not expressly argue that a joint trial would violate its constitutional speedy trial right. To the extent the SPLC makes such an argument, the Court finds it unavailing. In determining whether a defendant's constitutional right to a speedy trial has been violated, courts consider four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). A joint trial on February 1, 2027, would result in the passage of a little

the level of prejudice sufficient to overcome the general rule that defendants charged in a common conspiracy should be tried together.[5] Consequently, the SPLC's motion to sever is due to be denied.

### B. Beirich's Motion to Continue

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). In

---

more than nine months since the SPLC was indicted. However, around half of that time is attributable to SPLC's counsel request for a continuance to October 5, 2026, to have additional time to prepare for trial. And on this record, the additional four-month period between October 5, 2026, and February 1, 2027, does not render the nine-month gap between indictment and trial sufficiently prejudicial to amount to a violation of the SPLC's Sixth Amendment right to a speedy trial.

[5] The SPLC also mentions its counsel's purported unavailability for the February 1, 2027 trial term, urging that the SPLC has the right to the counsel of its choice. While the Court acknowledges that some of SPLC's counsel have a scheduling conflict during part of the February 1 trial term, the Court does not discern that counsel for the SPLC are reasonably unavailable for the entirety of the trial term. Moreover, the Court is willing to make reasonable accommodations for counsel's scheduling conflict so that the case can be tried on the February 1 trial term.

determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv). Additionally, a continuance outside the speedy trial period is permissible for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* § 3161(h)(6).

As stated above, counsel for Beirich represents to the Court that they need additional time to review the voluminous discovery in this matter, and although the Government has provided a substantial amount of discovery already, some discovery remains outstanding. Counsel also highlights a preexisting professional obligation that would make proceeding on the October 5, 2026 trial setting impossible. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial, because denial of a continuance would deny counsel for Beirich the reasonable time necessary to prepare for trial. Moreover, the Court finds that the trial is also due to be continued as to the SPLC pursuant to § 3161(h)(6).

## IV. CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED as follows:

1. The SPLC's motion to sever (doc. 156) is DENIED;

2. The SPLC's oral motion to sever (doc. 149) is TERMINATED as moot;

3. Beirich's oral motion to continue trial (doc. 148) is GRANTED as to both Defendants, and jury selection and trial are CONTINUED from October 5, 2026, to the criminal term of court set to commence on **February 1, 2027 at 10:00 a.m.** in **Montgomery,** Alabama. All deadlines tied to the trial date are adjusted accordingly.

The Magistrate Judge shall conduct a pretrial conference prior to the February 2027 trial term.

DONE this 31st day of August, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE