IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THE SOUTHERN POVERTY LAW CENTER, INC.<br><br>Defendant. | Case No. 2:26-cr-0139-ECM-KFP-1 |

**THE SPLC'S MOTION FOR STATUS CONFERENCE**

On August 11, 2026, the government filed its second superseding indictment adding former SPLC employee Heidi Beirich as a defendant in this case. ECF 115. Dr. Beirich was arraigned on August 25. ECF 143. Prior to the new charges, trial was set for October 5, and the SPLC has been operating and preparing for that date since its arraignment in early May. At an August 27 status conference, counsel for Dr. Beirich stated that their need to prepare for the case and other professional commitments prevented them from trying the case in October. They indicated that they could try the case after January 2027. The SPLC's counsel asked to keep the October trial date because of the impact the pending charges had on its client's reputation and operations.[1] Accordingly, the SPLC made an oral motion to sever in

[1] As the Court notes in its August 31 order, ECF 160 at 6, n. 3, 4, the SPLC did not allege that a joint trial would prevent a jury from making a reliable judgment nor a Speedy Trial Act violation. It based its request on the collateral impacts the case was having.

order to keep the existing trial date. ECF 149. In response, the government's counsel explained the timing of adding Dr. Beirich to the case, did not oppose a trial date in 2027, and opposed any severance so there would be one trial of all defendants. Allowing the parties to make submissions on their severance positions, the Court indicated that if the October date was changed, there were two early 2027 trial terms available – February 1 and April 19. The SPLC's lead counsel briefly explained why the February trial date was not one that would work for the SPLC.

Following the SPLC's submission of its motion to sever and the government's opposition, on August 31, the Court denied the SPLC's motion and reset trial for the February 1 term. ECF 160. Noting the issues of unavailability, the Court stated it understood "some of the SPLC's counsel have a scheduling conflict during part of the February 1 trial term," and that "the Court is willing to make reasonable accommodations" to allow the case to proceed in that term. *Id.* at 7, n. 5.

The SPLC submits this motion requesting the Court to arrange another status conference to address the issues involved with keeping the February 1 trial date. As the Court noted, some issues arise from lead counsel's firm participating in a colleague's[2] personal event 7,000 miles away from the trial site over an approximately two-week period starting on February 6 through the last week of

[2] That colleague is also a counsel of record in this case and the principal team member for lead counsel's firm.

February. Afterwards, the SPLC's lead counsel, as does Dr. Beirich's counsel, has other professional obligations that have been scheduled for some time.

The circumstances in the case at this time are not of the SPLC's making. The SPLC played no role in the timing of when Dr. Beirich was added to the case. The government's moving to continue so that both defendants could be tried together, along with Dr. Beirich's counsel's need to prepare and their existing other obligations, have put the SPLC between the proverbial horns of a dilemma. One side is the SPLC's concern, noted by the Court, of harm that occurs when charges hang over a defendant. On the other side, the SPLC faces the possible loss of its lead counsel through no fault of its own. As the Court also acknowledged, the latter implicates its Sixth Amendment right to counsel of its choice – a much more severe prejudice to its fair trial rights. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) ("[D]eprivation of the right to choice of choice . . . unquestionably qualifies as 'structural error.'") (citing *Sullivan v. Louisiana*, 508 U.S. 275, 282 (1993)).

From the SPLC's perspective, potential accommodations the Court could offer may not resolve the risk of prejudice posed by proceeding on the February 1, 2027 trial term. While the SPLC has other counsel in the case, its lead counsel has a major role in trial events, including voir dire, likely the opening statement, and a fair share of witness examinations. Proceeding without a party's lead counsel to

address what the prosecution puts forward on any particular day would harm the SPLC's defense.[3] In addition, a break for an extended period in February would do harm to each party's trial plans by interrupting the narrative of presentation, risking a loss of jury understanding and attention, and increasing the possibility that jurors may (despite instructions) hear, read, or speak about the case from or with outside sources or people, especially considering the high-profile nature of this case and the publicity the trial will engender.

When the Court shared the two available early 2027 trial terms, the SPLC understood that it might lose its motion to sever and lose the October 5, 2026 date, but it did not understand that the Court would choose the term in which there was a likelihood of altogether losing its counsel of choice.

Accordingly, to further address the problems posed by the current schedule, the SPLC respectfully requests the opportunity to discuss these issues with the Court, government, and Dr. Beirich's counsel at a brief status conference.

Dated: September 4, 2026    Respectfully submitted,

*/s/Abbe David Lowell*
Abbe David Lowell (DC Bar No. 358651)
David A. Kolansky (NY Bar No. 5887765)
Isabella M. Oishi (DC Bar No. 90018056)
Lowell & Associates, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005

[3] Reconfiguring the trial team could itself create unnecessary delay.

Telephone: (202) 964-6110
alowellpublicoutreach@lowellandassociates.com
dkolansky@lowellandassociates.com
ioishi@lowellandassociates.com

*/s/Addy R. Schmitt*
Addy R. Schmitt (DC Bar No. 489094)
Andrea L. Moseley (DC Bar No. 502504)
Sara E. Kropf (DC Bar No. 481501)
Janelle Geddes (TN Bar No. 035141)
Kropf Moseley Schmitt PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
Telephone: (202) 627-6900
addy@kmlawfirm.com
andrea@kmlawfirm.com
sara@kmlawfirm.com
janelle@kmlawfirm.com

William C. Athanas (ASB-4639-A59A)
Brianna R. Stone (ASB-0400-Y40J)
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8996
Facsimile: (205) 521-8800
bathanas@bradley.com
bstone@bradley.com

*Counsel for the Southern Poverty Law Center, Inc.*