IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cr-139-ECM |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, | ) | |
| INC. and HEIDI BEIRICH | ) | |

**O R D E R**

This case is currently set for jury selection and trial on February 1, 2027. (Doc. 160). Now pending before the Court is Defendant Southern Poverty Law Center, Inc.'s ("SPLC") motion for status conference to "address the issues involved with keeping the February 1 trial term." (Doc. 167 at 2).

The following background is relevant to addressing the SPLC's motion: On August 31, the Court denied the SPLC's motion to sever, granted Defendant Heidi Beirich's ("Beirich") motion to continue trial, and continued the trial as to both Defendants from October 5, 2026, to February 1, 2027. (Doc. 160). The SPLC had sought a severance because it wanted to keep its original October 5 trial date, and it argued that delaying its trial would cause it continued financial and reputational harm. At the status conference held on August 27, 2026, the Court informed the parties that its first two available trial terms in 2027 are February 1, 2027, and April 19, 2027. Lead counsel for the SPLC represented that February 1 would pose a problem because the week after, his entire law firm will be traveling to Hawaii to attend the wedding of their colleague, who is also an attorney of record for the SPLC. Based on the SPLC's insistence that a delay of the trial

would be harmful, the Court continued the trial to the earlier of its two available trial terms (February 1) in an effort to minimize the delay, acknowledged the SPLC's scheduling conflict, and offered to make reasonable accommodations for the conflict. (Doc. 160 at 3, n.1; 7, n.5). In its motion for status conference, counsel for the SPLC now represents that the entire law firm will be unavailable for approximately two weeks to attend their colleague's wedding, and that immediately thereafter, both counsel for the SPLC and Beirich have (unspecified) preexisting professional obligations, all of which make the February 1 trial term unworkable. (Doc. 167 at 2–3).

Based on counsel for the SPLC's representations, the Court finds that the February 1, 2027 trial term is not a viable option because it would deny the SPLC continuity of the counsel of its choice. As the Court previously explained, its next available trial term is April 19, 2027. As the Court also previously indicated, there is no other trial term between February 1 and April 19 that could accommodate a three (possibly four) week trial. For these reasons, the Court finds a status conference unnecessary and instead construes the SPLC's motion as a motion to continue the February 1, 2027 trial setting, which is due to be granted.

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days

> from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would unreasonably deny the defendant . . . continuity of counsel." *Id.* § 3161(h)(7)(B)(i), (iv). Additionally, a continuance outside the speedy trial period is permissible for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* § 3161(h)(6).

As stated above, the Court finds that keeping the February 1, 2027 trial setting would deny the SPLC continuity of the counsel of its choice. Therefore, after careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial. Moreover, the Court finds that the trial is also due to be continued as to Beirich pursuant to § 3161(h)(6). *See Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together.").

Accordingly, for the reasons stated, it is

ORDERED that the SPLC's construed motion to continue trial (doc. 167) is GRANTED as to both Defendants, and jury selection and trial are CONTINUED from February 1, 2027, and SET on **April 19, 2027 at 10:00 a.m.** in **Montgomery**, Alabama. It is further

ORDERED that the SPLC's motion (doc. 167) is DENIED to the extent it requests a status conference.

The Magistrate Judge shall conduct a pretrial conference prior to the April 2027 trial term.

DONE this 2nd day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE