IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CR-139-ECM-KFP |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, | ) | |
| INC. and HEIDI BEIRICH | ) | |

## ORDER

Before the Court is Defendant Southern Poverty Law Center's Motion for Issuance of a Rule 17(c) Subpoena with respect to F-9. Doc. 184.[1] The Government opposes the motion. Doc. 204. On November 18, 2026, the Court held a hearing on the motion.

On November 23, 2026, in compliance with the Court's instructions, the SPLC filed a narrowed proposed subpoena (Doc. 216-1). For the following reasons, the undersigned finds the motion is due to be granted.

### I. DISCUSSION

Rule 17(c), which governs the issuance of a subpoena duces tecum, directs as follows:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1); *United States v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984).

"Enforcement of a pretrial subpoena duces tecum must necessarily be committed

[1] The motion also seeks a preservation order. The Court addresses this request in a separate order.

to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *United States v. Nixon*, 418 U.S. 683, 702 (1974). "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) (citation omitted). Accordingly, "the rule only reaches specifically identified documents that will be admissible as evidence at trial, provided that the application for the subpoena is made in good faith." *Silverman*, 745 F.2d at 1397 (citing *Bowman Dairy Co.*, 341 U.S. at 221). The party seeking the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700. "Admittedly, it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents; therefore, if a document is arguably relevant and admissible under the Rules of Evidence, the *Nixon* 'evidentiary' requirement is likely satisfied." *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006) (citing *United States v. Orena*, 883 F. Supp. 849, 868 (E.D.N.Y. 1995)).[2]

"Generally, courts assess compliance with the *Nixon* standard based solely on the content of the subpoena itself, coupled with the papers submitted by the parties in connection with a motion to quash or modify." *Libby*, 432 F. Supp. 2d at 32. The SPLC's proposed subpoena (Doc. 216-1) seeks documents from the informant identified as F-9. The parties agree that F-9 has already produced a considerable volume of discovery

[2] Here, and elsewhere in this Order, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

material to the Government, and the Government has produced a considerable amount of the F-9 material to Defendants. F-9, who spent more than 20 years as an informant, has explained that he has maintained materials from his time as an informant for the SPLC, including recordings, notes, and messages. *See* Doc. 184 at 11–15. In its proposed subpoena, the SPLC requests the following categories of information:

(1) recordings "of any current or former officer, director, employee, contractor, informant, or F Program participant of the Southern Poverty Law Center" for a specified period;

(2) notes related to F-9's "work as an informant and/or participant in the F Program" for a specified period;

(3) recordings and other documents "linked to . . . the 'Intelligence Briefings'" F-9 prepared;

(4) communications with law enforcement related to the SPLC for a specified period; and

(5) communications between F-9 and any current or former employee of the SPLC for a specified period.

Doc. 216-1.

Given the nature of the material already produced in discovery from F-9, the undersigned finds the requested materials are at least arguably relevant and admissible, which is enough to satisfy *Nixon*'s evidentiary requirement at this pretrial stage. Furthermore, the SPLC has described the materials with specificity. "A party seeking to use Rule 17(c) must describe with reasonable precision the information that is sought[.]" *United States v. Hastie*, 2015 WL 13310085, at *2 (S.D. Ala. April 21, 2015). "Although 'exquisite specificity' is not required, a request for 'any and all' [material] is simply too

broad." *Id.* (citing *Libby*, 432 F. Supp. at 31). Even when a party cannot "fully" describe the materials sought, specificity is still present if "there is a 'sufficient likelihood' that the documents being sought contain relevant and admissible evidence." *Id.* (quoting *Nixon*, 418 U.S. at 700).

As noted, the sought-after materials are arguably relevant and admissible, and the undersigned further finds that there is a sufficient probability of them being relevant and admissible. The SPLC has also described the materials with more precision than broad phrases such as "any and all." The proposed subpoena has narrowed the scope of the requests and the period covered by responsive items. The undersigned finds the narrowed requests provide clear direction to F-9 regarding the categories of responsive documents. Accordingly, the SPLC has satisfied the specificity requirement.

## II. CONCLUSION

For the above reasons, it is ORDERED that the motion (Doc. 184) is GRANTED. The requested Subpoena Duces Tecum as narrowed (Doc. 216-1) shall be issued to F-9, and documents produced to the SPLC's counsel Addy Schmitt as directed in the subpoena. The cost of producing the requested documents shall be paid by the office of the SPLC's counsel.

DONE this 24th day of November, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE