IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:26-cr-139-ECM-KFP |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, INC. and HEIDI BEIRICH | ) ) | |

## STATUS UPDATE REGARDING SEARCH FOR BRADY MATERIAL

On the afternoon of Friday, November 20, 2026, the Southern Poverty Law Center ("SPLC") sent the Government a letter which asked the Government to confirm the parameters and results for some previous searches of the FBI's Sentinel system as well as asking for numerous new searches. Exhibit A. On Monday, November 23, 2026, all parties met virtually and conferred regarding the request. Broadly, the SPLC has requested eight searches. Its letter names them as Searches 1-5 and then requests three additional searches. Each search has multiple subparts. The Government has complied with many of the search requests. As explained below, the requested searches that the Government declined to conduct and produce the results of were done so because they require divulging information that originated in the Delta system and relate to FBI Confidential Human Sources. Attached as Exhibit B is a spreadsheet with the results of the searches.

### OVERVIEW

As an initial matter, the United States reiterates that it strongly disagrees that the information sought by the Defendants, much of which is not currently in the possession of this trial

team,[1] is material. As the Defendants explained during the motions hearing, they want this information to make the argument that they were providing F information to law enforcement, and therefore were not defrauding their donors. For the reasons the United States already set out in its response to the motion to compel, in its motion *in limine*, and as explained during the motions hearing, whether the SPLC provided information obtained by Fs to law enforcement is not relevant to any charged offense and therefore should be excluded at trial. At the motions hearing last week, the SPLC stated that it needed information related to their Fs who also served as FBI Confidential Human Sources ("CHS") because they intend to show that the SPLC ran field sources in a manner consistent with how the FBI ran sources. Ordering the United States to go on a fishing expedition and produce highly sensitive information is not necessary for the SPLC to make its argument. As noted at the hearing, they could ask an FBI agent to detail aspects of how an FBI agent would oversee a CHS and try to make the point they stated they desire to make.

The United States has, however, conducted some searches of the FBI Sentinel database for the information SPLC claims must be there. Per this Court's instructions, the prosecution team has run a series of searches, but there are some important caveats that need to be explained.

First, there is no universal way that information is recorded by the FBI in Sentinel. The most common way to record information is in an interview report, which the FBI calls a 302. Thus, the attached spreadsheet shows the number of 302s that were flagged running the various search terms.

Second, the prosecution team only ran the search terms in Sentinel. As discussed during the motions hearing, classified source information is stored in a separate database, Delta, which is

---

[1] The United States also maintains its position that "within possession of the prosecution team" does not include every possible document generated by the FBI anywhere in the world just because many documents are searchable in the FBI's Sentinel database.

not readily searchable. Furthermore, the information that may be in Delta has absolutely no materiality to this case. Reports in Delta include information provided by CHSs. Even if a person was an SPLC F and an FBI CHS, the FBI was not jointly running the source with the SPLC. The SPLC is not a law enforcement agency. Any information that might exist in Delta would have been provided to the FBI by a CHS working in his or her capacity as an FBI source, not as a source for the SPLC. For all these reasons, the prosecution team has run no searches in Delta, other than for *Giglio* information for expected trial witnesses.

**<u>EXPLANATION OF SEARCH RESULTS</u>**

The prosecution team first ran the general search terms "SPLC" and "Southern Poverty Law Center" in Sentinel. As the spreadsheet shows, those terms appeared in 151 and 224 FBI 302s during the relevant time period,[2] respectively. It is likely that there is a large amount of overlap between these two numbers because if one 302 had the term "SPLC" and "Southern Poverty Law Center" in it, then this document would be included in both sets of the numbers above. It is important to note that the fact that either of these terms appeared in a 302 says nothing about whether this was a "tip" from the SPLC. Rather, it merely shows the number of times either of those terms appears in a 302 during the relevant time period.

Next, the prosecution team searched for the true names of all Fs known to the prosecution team.[3] These names appeared in 1,756 302s.[4] These may not all be unique documents, because if

---

[2] The time period used was January 1, 2007 through December 31, 2023, which encompasses the entire time period charged in the Second Superseding Indictment.

[3] The SPLC has never provided a full list of all its Fs. Accordingly, the prosecution team could only search the names of people it has determined were Fs based on its investigation.

[4] It is important to note that the search yielded results for the name, not necessarily the correct individual. For example, within this 1,756 302s were 654 for [redacted]. However, [redacted] has an identically spelled name as a special agent who worked for the FBI during the relevant time period.

more than one Fs name appeared in the same 302, then it would be counted twice in the number above. This large number of 302s containing these names is unsurprising. As the United States alleged in the second superseding indictment, many of the Fs being secretly paid by the SPLC were leaders of extremist groups. Many of these same individuals were under investigation by the FBI during this same time period. Hence, the large number of 302s is expected. Thus, to come up with a more relevant subset, the prosecution team searched for the known F names in conjunction with the term "SPLC." This generated only 8 hits. Two of the hits were in the same 302, so running all the known F names along with "SPLC," generated only seven 302s. The prosecution team has reviewed all seven of these 302s, and none contain any *Brady* material. A breakdown of these seven is below[5]:

[redacted]

---

Thus, this total includes all 302s that the unrelated special agent generated during the time period, because each of those 302s includes the special agent's name. Similarly, there were 637 302s for [redacted] who happens to have the identically spelled name as an FBI employee who worked during the relevant time period. Thus, any 302s generated by the employee would be included in these 637 results.

[5] Due to the sensitive nature of some of the information within this document, that information is being redacted. The Government is concurrently filing with the Court an unredacted version of the document and exhibits along with a Motion to Seal them.

[6] The 302s contain the true names as those were the search terms. However, these individuals are referenced herein by the F number the SPLC assigned to them when it started covertly paying them with donor funds.

[redacted]

Next, the prosecution team ran a search for the source numbers for known Fs who were also FBI CHSs at one point. This search yielded [redacted] documents, which is understandable since there is a lot of documentation that goes into handling a CHS. However, only two of these documents were 302s and neither contained any *Brady* material..

The next search was for the names of the directors of the SPLC Intelligence Project — *i.e.*, the people handling the Fs — during the relevant time period. A search for each of the names [redacted] coupled with the term "SPLC" yielded a total of six 302s. This search also produced two FD-999s which are documents of a liaison meeting, both of which were for [redacted]. Neither FD-999 contained *Brady* information or documented any "tips" provided by [redacted]. Rather, it simply documented that she liaised with the FBI.

Thereafter, the prosecution team searched the case files of two matters the SPLC claims were initiated by F information provided by the SPLC to the FBI. Contrary to the SPLC's claim, the reviewed information does not show that the SPLC provided F-information that led to these cases. Rather, the [redacted]. investigation was opened after the FBI received information from a different source. The [redacted] investigation was opened based on information provided by an individual not believed to be an F.

The prosecution team also searched the terms "Charlottesville," "Charlottesville AND Unite the Right", "Charlottesville AND SPLC", and "Charlottesville AND Southern Poverty Law

Center." These searches resulted in hits in 3,871, 251, 13, and 17 302s, respectively.

Finally, the prosecution team ran all the "fuzzy" search terms suggested by the SPLC, which consisted of misspellings of numerous names. The results of these searches are documented in the spreadsheet.

For ease of comparing exactly what was requested of the Government by the SPLC and whether the Government complied, and, if not, the reason why, the Government provides the following:

**SEARCH 1**

The Government has complied with the first three subparts. It confirmed subparts 1 and 2 and the results of subpart 3 are on the spreadsheet. The fourth subpart requests that the Government provide document types and the number of results for each. FD-1023 relates to documents that originate in the FBI Delta system. They likely pertain to FBI CHS's. For the same reasons stated in the hearing and above, the Government declined the request to produce information regarding the requested search. Similarly, providing information about each of the other categories would allow the Defendants to ascertain the number of FD-1023 documents as they could just subtract from the total number. The Government has provided the requested information as it pertains to the number of serials and, specifically, the number of FBI 302s and told the SPLC that it would search for another category or two if they specify which one(s) they desire.

**SEARCH 2**

The Government complied with the first four subparts. It confirmed subparts 1 and 2 and the results of subparts 3 and 4 are on the spreadsheet. Subpart 5 was not done due to the same issue as subpart 4 in Search 1. For subpart 6, the Government's spreadsheet contains the number of hits for the search. It does not contain the number of serials/documents but that information will be

determined and provided to the Defendants as soon as possible. The spreadsheet does not contain the document types and the number of results for each, apart from FBI 302s, due to the same issue previously discussed regarding FBI CHS information.

**SEARCH 3**

The Government complied with the first two subparts. It confirmed subparts 1 and 2. The Government declined to disclose results regarding subparts 3-8 due to the same issue previously discussed regarding FBI CHS information.

**SEARCH 4**

The Government complied with the first two subparts. It confirmed subparts 1 and 2. The Government declined to disclose results regarding subparts 3 and 4 due to the same issue previously discussed regarding FBI CHS information.

**SEARCH 5**

The Government has confirmed subparts 1 and 2. For subpart 3, the Government declined to provide the Defendants the document types and the number of results for each, apart from FBI 302s and FD-999s, due to the same issue previously discussed regarding FBI CHS information. For subparts 4 and 5, the spreadsheet contains the results. Subpart 6 asks the Government to disclose whether particular persons served as FBI CHSs. For the same reasons stated in the hearing and above, the Government declined the request to produce information regarding the requested search. Subpart 7 is related to subpart 6 and the Government declined the request for the same reasons.

**UNITE THE RIGHT**

The Government searched for information regarding the "Unite the Right" event and the results are on the spreadsheet. The Government declined to provide the Defendants the document

types and the number of results for each, apart from FBI 302s, due to the same issue previously discussed regarding FBI CHS information.

[redacted]

The Government has been able to do an initial search for information regarding the [redacted] investigations. There has been no information located at this point of the search that would tie the SPLC in any way to the initiation of the investigations as previously noted.

**VARIOUS OTHER INSTANCES OF ALLEGED COOPERATION**

The Government has not had time to conduct the requested search. It will begin, and hopefully complete, the search on Monday, November 30, 2026. For subpart 3 of the request pertaining to document type and number of serials/documents, the Government intends to not disclose the results for the same reasons for the similar requests previously discussed.

## CONCLUSION

The Government has conducted a good faith effort to provide the Defendants with the results of the requested searches, except as explicitly noted above, and except for certain searches which have not yet been completed, but which will be completed shortly. As explained, the Government has declined to conduct and produce searches that require divulging information that originated in the Delta system or relates to FBI CHSs. Finally, the Government maintains that the information sought by the Defendants is immaterial.

Respectfully submitted this 25[h] day of November, 2026.

THOMAS GOVAN
UNITED STATES ATTORNEY

/s/ Kevin P. Davidson
Kevin P. Davidson
First Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kevin.p.davidson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:26-cr-139-ECM-KFP |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, INC. and HEIDI BEIRICH | ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ Kevin P. Davidson

Kevin P. Davidson
First Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kevin.p.davidson@usdoj.gov